ORRIN THATCHER, ADMINISTRATOR v. NATHAN B. HAYES AND SAMUEL W. WEBBER.

*Accounting—Proof of allowances against complainant.*

1. An administrator brought suit for an accounting, against one who had made sales for his decedent. A note had been taken on one of the sales upon which a certain payment was indorsed. It was found, but only by the aid of a letter written by decedent, that this was really for merchandise turned over to a creditor of his; but as the letter mentioned a smaller sum it was *held*, that it could not be given effect beyond its terms, and that only the smaller sum could be charged against the estate.

2. In a suit for an accounting defendant has the burden of proving what allowances should be made to him.

Appeal from Washtenaw. (Joslyn, J.) April 30.—June 18.

ACCOUNTING. Defendant Hayes appeals. Decree modified.

*Sawyer & Knowlton* for complainant. One who receives from another his property for the purpose of selling it and paying the latter's debts from the proceeds is a trustee for sale: *Page v. Olcott* 28 Vt. 465; *Meacham v. Sternes* 9 Paige 398; *Norton v. Squire* 16 Johns. 225; *Swoyer's Appeal* 5 Penn. St. 377; *Clark v. Craig* 29 Mich. 398; *Bank v. Chapelle* 40 Mich. 447: Perry on Trusts §§ 786, 453, 585; Story on Agency § 98; *Johnson v. Totten* 3 Cal. 343.

*Mitchel, Bell & McGarry* for defendant appellant.

COOLEY, C. J. The bill in this case is filed for an accounting. Congdon, the intestate, being indebted to Hayes, and being owner of a large amount of lumber, shingles, logs and machinery, made a nominal sale of them to Hayes, with the purpose that Hayes should sell them and account for the proceeds. Hayes has made sale [of them all, and now the question is whether he has accounted for all the proceeds.

A sale of lumber was made to one Taft, and notes taken for the purchase price. Upon one of these notes an indorsement of $528 was made as for a payment. One of the principal questions in the case is whether Hayes received this sum, or whether the indorsement was for the value of shingles which Taft furnished to one White on a debt owing by Congdon to White. After full and patient consideration of the case we are constrained to say that the evidence leads us to the conclusion that Congdon's estate should be charged with the price of shingles furnished by Taft to White; the evidence satisfactorily showing that they were furnished on Congdon's debt. But we do not think the allowance can exceed the sum stated in Congdon's letter referring to the transaction, dated December 28, 1874, in which it is given at $420. Without the aid of this letter we do not think the main fact could be established against Congdon; and we cannot give it effect beyond its terms.

It is not entirely plain that other allowances ought not to be made to Hayes, but the burden of proof is upon him, and we cannot say that he has satisfactorily established his right to any other.

The decree must be modified so as to make the allowance mentioned, and Hayes will recover the costs of this Court.

The other Justices concurred.