[No. 11973. Department One.—July 1, 1887.]

JOHN B. WOOSTER ET AL., APPELLANTS, *v.* WILLIAM A. NEVILLS ET AL. WILLIAM A. NEVILLS, RESPONDENT.

PRINCIPAL AND AGENT—AGENCY TO SELL CORPORATE STOCK—FRAUD OF AGENT—ACCOUNTING—DEMAND—TENDER.—Where the owners of stock in a corporation transfer the apparent ownership thereof to another, solely for the purpose of enabling him, as their agent, the better to sell the property of the corporation, and the latter, in fraud of the rights of the real owners, sells the corporate property for a larger amount than that for which he makes a return, the principals may maintain an action against the agent for the return of the stock and an accounting of the dividends received by him thereon, without previously making a demand for a return, or tendering the amount received from him.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order dissolving an injunction.

The facts are stated in the opinion.

*Sidney V. Smith,* for Appellants.

*A. C. Adams, Curtis H. Lindley,* and *Lindley & Spagnoli,* for Respondent.

FOOTE, C.—This action was for an accounting, and to compel the defendant, William A. Nevills, to return to

plaintiffs certain mining stock, of which he had fraudulently obtained from them a transfer.

The complaint was demurred to, the demurrer sustained, and the plaintiffs declining to amend their pleading, judgment was rendered for the defendant. In support of that judgment, their counsel contend that the complaint was to compel the rescission of a contract, and that in order to obtain that right, it was incumbent upon the plaintiffs to have alleged in their pleading that they had made a demand for the return of their stock and tender of the money they had received from Nevills, prior to the institution of this suit.

But as it appears to us from the statement of facts set out in the complaint, Nevills was not a purchaser of the stock from the plaintiffs in the proper and legal sense of that term; he never was at any time during the transaction, so far as they were concerned, anything more than an agent or trustee, bound to act for them in the whole matter in the utmost good faith. He deceived them into the belief that he, for them, could sell the mine in which they were stockholders, for a certain sum of money, if they would make him the apparent, but not the real, owner of the stock. For the purpose, not of vesting title to the stock in him, but to enable him the better, as their agent, to sell the mine upon which the issue of the stock was based, they transferred the stock to him as requested. Instead of acting in good faith toward the plaintiffs, Nevills proceeded in fraud of their rights to sell the mine for a very large sum of money, for which he did not account to the plaintiffs, except to give them eight thousand dollars, and to have them cancel a debt due from him to them of three thousand dollars. He still retains their stock, in his own name, in a mine which is worth many thousand dollars more than he falsely assured the plaintiffs was its value, and has drawn their dividends upon the stock.

We see no good reason why under such a state of facts Mr. Nevills should not be made to retransfer this stock to its true owners, toward whom he assumed the relation of an agent or trustee, nor why a full accounting as between the parties should not be had.

The facts asserted as true in the complaint do not show any sale of the stock to Nevills on the part of the plaintiffs. He was to make a sale of the mine for their account, he deceived them as to the price he could obtain for the mine, and deceived them into the belief that a sale could more easily be effected if the stock stood in his name rather than in theirs; thus, as we have before said, he was nothing more than their agent in whose apparent ownership the stock stood. The transaction was not one of sale; it was the giving to an agent power, clothed with apparent ownership, to make a sale to third parties. In such a case, where an agent has abused his trust and holds his principal's property in fraud, the principal can compel a return of his property, and any increase of it by way of dividends while in the agent's possession.

It was unnecessary to have made a tender of money to Nevills before this suit was instituted, for there is no contract of sale, or actual sale, alleged by the complaint to have been made to him by the plaintiffs, of the stock in dispute.

The plaintiffs, as one of the incidents necessary to a proper accounting between Nevills and themselves, seek to recover from him as their trustee property, of which he has through turpitude gotten from them the apparent ownership, to which property he never had, nor was intended under their agreement to have had, any title

As no sale of the stock was made to him, no rescission of a sale was asked for in the complaint, and no rescission being required, no tender of any money prior to the bringing of the action was needed.

As a part of the accounting asked for from Nevills by

the plaintiffs, they demand from him a return of their stock which he obtained from them by fraudulent statements, and to which he had no shadow of claim, either in his own or their estimation, beyond its possession and apparent ownership, as their trustee.

It is evident, therefore, upon the facts stated in the complaint, if they are to be taken as true, that the plaintiffs were entitled to an accounting as asked for, and the other relief prayed for therein.

The judgment and order dissolving the injunction should be reversed, and the cause remanded, with instructions to the court below to overrule the demurrer to the complaint, and give leave to the defendants to answer that pleading within a reasonable time, upon which the cause can be tried upon its merits.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded, with direction to the court below to overrule the demurrer to the complaint, with leave to defendants to answer within a reasonable time.