[No. 14175. Department Two. — January 22, 1892.]

## NATHANIEL HURLBUTT ET AL., RESPONDENTS, *v.* N. W. SPAULDING SAW COMPANY ET AL., APPELLANTS.

ASSUMPSIT — ACCOUNTING — PLEADING — CONTRACT TO OPERATE SAW-MILL — OBJECTION TO FORM OF ACTION. — Where a complaint in an action to recover moneys paid out and expended for defendants' use, at their special instance and request, alleges that the moneys were expended in taking charge of and operating a saw-mill under a written contract set out in the complaint, in which it was agreed that plaintiffs should operate the mill as trustees, and should advance moneys for which the defendants would reimburse them if the proceeds were insufficient, and alleges that after applying all the proceeds of the business and all payments made, a specified balance was due and unpaid under the contract, to which defendants answer, not denying the contract, and the court finds that other

deductions should be made, and renders judgment for a different balance, it cannot be objected by the defendants that the plaintiffs have mistaken their remedy, and that the action should be for an accounting, and not in *assumpsit.*

ID. — SINGLE FORM OF CIVIL ACTION — PLEADING — RELIEF UNDER ISSUES MADE. — There is but one form of civil action in this state, and where a complaint sets out a cause of action in clear and intelligible language, to which the defendants answer, the court is authorized to try the case as made, and grant any relief embraced in the issues.

APPEAL — BILL OF EXCEPTIONS — SPECIFICATIONS — INSUFFICIENCY OF EVIDENCE — FINDINGS. — Where, in a bill of exceptions, there are no attempted specifications of the particulars wherein a finding is not justified by the evidence, the finding must be treated as conclusive upon appeal.

ACTION — PARTIES — JOINT AND SEVERAL CONTRACT. — In an action upon a joint and several contract, the plaintiff may, at his election, sue one or more, or all, of the parties severally liable. One not a party to the contract sued upon, and having no interest in the relief sought, is not a proper party to the action.

APPEAL from a judgment of the Superior Court of Humboldt County.

The contract referred to in the opinion provided that the plaintiffs should operate certain saw-mill property therein described, as trustees for the owner and his creditors, and should advance sufficient money to carry on and conduct the mill business and to settle up claims against the mill, and that the defendants would reimburse the plaintiffs for all sums so advanced, if the proceeds of the property should prove insufficient for that purpose. Further facts are stated in the opinion.

*Buck, Wheeler & Wilson,* and *Galpin & Zeigler,* for Appellants.

*Horace L. Smith,* for Respondents.

BELCHER, C. — The plaintiffs brought this action to recover judgment for moneys alleged to have been paid out and expended by them at the special instance and request of the defendants, and under and in pursuance of a written contract made by the parties. A copy of the contract is set out in the complaint, and its execution is not denied.

The case was tried by the court without a jury, and judgment given for the plaintiffs.   From that judgment the defendants appealed, and have brought the case here on a bill of exceptions.

1. It is claimed for appellants that the plaintiffs have mistaken their remedy; that the action should have been for an accounting, and not in *assumpsit.*

The moneys sought to be recovered were expended by plaintiffs in taking charge of and operating a saw-mill; and they alleged that after applying all the proceeds of the business and all payments made to the discharge of their claim, the sum for which judgment was asked remained due and unpaid, though payment thereof had been demanded.   The court found that certain other sums should be deducted from the amount claimed, but that the balance remaining was due and owing by the defendants, and plaintiffs were entitled to a judgment therefor.

There is in this state but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs (Code Civ. Proc., sec. 307); and the facts constituting the cause of action are required to be stated in ordinary and concise language.   (Code Civ. Proc., sec. 426.)   Here the plaintiffs stated in their complaint their cause of action in clear and intelligible language, and the defendants answered thereto.   The court was therefore authorized to try the case as made, and to grant any relief embraced in the issues.

2. It is claimed that no right of action accrued against the defendants until "the trust estate was exhausted." But the court found that all of the trust property and estate had been exhausted; and there are, in the bill of exceptions, no attempted specifications of the particulars wherein it is claimed that this finding was not justified by the evidence.   As the correctness of the finding is not questioned, it must be treated as conclusively settling this point against appellants.

3. It is claimed that one Damon should have been

joined as a party plaintiff in the action, and certain other persons as defendants. But Damon was not a party to the contract relied on, and, so far as·appears, had no interest in the moneys expended and paid out by the plaintiffs under the contract. He was therefore not a necessary, and would not have been a proper, party to the action. The other persons referred to signed the contract with the defendants, and they all bound themselves "jointly and severally" to pay, etc. The code provides that persons severally liable upon the same obligation or instrument may all or any of them be included in the same action, at the option of the plaintiff (Code Civ. Proc., sec. 383), and the rule is well settled in this state that "a plaintiff may, at his election, sue one or more or all the persons severally liable upon the same obligation or instrument." (*People* v. *Love*, 25 Cal. 521.)

4. The other points made by appellants do not require special notice. They all relate to matters considered and disposed of by the findings, which were very full and specific. It is true, the evidence was in some respects conflicting, but we think it sufficient to justify each of the findings, and hence that there is no good ground for a reversal.

We advise, therefore, that the judgment be affirmed.

FITZGERALD, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Mr. Justice Harrison was assigned to Department Two for the purpose of determining this cause, in place of Mr. Justice De Haven, who was disqualified.

Hearing in Bank denied.