[S. F. No. 5688.  In Bank.—December 2, 1912.]

HENRY FOX, CHRYSTAL FOX, and ELIZABETH FOX,
    a Minor, by HENRY FOX, Guardian of the Estate of
    said Minor, Appellants, v. L. J. HALL, CLARENCE C.
    HALL, and ROSA E. PATCHETT, Respondents.

ACCOUNTING—BREACH OF COVENANT TO PAY MORTGAGE DEBT FROM NET
    INCOME OF RANCH—PLEADING—PRAYER FOR GENERAL RELIEF—
    EVIDENCE OF GROSS INCOME—ERRONEOUS NONSUIT.—In an action
    to recover for the breach of a covenant in an agreement between
    parties who occupied confidential relations, by the terms of which
    the defendant promised to pay the net income from a ranch in
    which the plaintiffs had an interest to the reduction of a mort-
    gaged indebtedness thereon, where the complaint prayed for
    judgment in a specified sum alleged to be the amount of the net
    income, and also for general relief, it was error to grant a nonsuit
    merely because the evidence offered by the plaintiffs showed the
    receipt of gross income without showing the net income realized.
    Such evidence, under the prayer for general relief, entitled the
    plaintiffs to an accounting of the receipts and disbursements of
    the ranch, and an interlocutory judgment directing such account-
    ing would have been proper.  The accounting might have been
    ordered through a reference, or the court might, with or without a
    preliminary interlocutory order, have proceeded to take and state the
    account itself, rendering such final judgment thereon as might ap-
    pear to be proper.

APPEAL from a judgment of the Superior Court of So-
noma County.   Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

James W. Oates, for Appellants.

J. T. Coffman, and A. B. Ware, for Respondents.

THE COURT.—From the judgment which followed the
granting of defendants' motion for a nonsuit, plaintiffs ap-
peal.

The averments of plaintiffs' complaint essential to this
consideration are the following: Lola Fox (wife of plaintiff,
Henry Fox), her brother, Clarence C. Hall, and her sister,

Rosa E. Patchett, defendants herein, were the owners in fee as tenants in common, each seised of an undivided one-third of a certain ranch in Sonoma County. The ranch was encumbered by a mortgage securing an indebtedness of some twenty-nine thousand dollars, due the William Hill Company, a corporation. Lola Fox died in 1905, and her husband, Henry Fox, became administrator of her estate, which in due course was distributed in equal shares to the heirs of Lola Fox,—namely, her husband and her children, Chrystal Fox and Elizabeth Fox. In February, 1905, and before administration upon the estate of Lola Fox, but after her death, Henry Fox and Chrystal Fox entered into a written agreement with L. J. Hall, the father of Lola and of Clarence C. Hall and Mrs. Patchett. This agreement provided that the undivided interest of Lola Fox, deceased, in the ranch above mentioned (which interest by her death had descended to Henry Fox, Chrystal Fox, and Elizabeth Fox) should "remain in the custody and control of said L. J. Hall, and to his use, during his natural life, provided and so long as said Clarence C. Hall and Rosa E. Hall (now Patchett) take no steps to divide or partition the said lands. But during the time the same shall so remain in the custody and control of said L. J. Hall he is to pay all taxes on the same and shall pay upon the mortgage debt now subsisting against the same the net income from the same until said mortgage debt is paid off." The complaint then alleges the receipt of large sums of money annually by L. J. Hall as the net income of the ranch, his failure to devote any portion of this net income to the payment of the mortgage debt, t..e foreclosure of the mortgage and the compulsory payment by the administrator of the estate of Lola Fox of $11,314.70, the one-third part of the mortgage debt at the time of foreclosure. Specifically it is averred that in the year 1905 the net income of the said one-third interest in said lands so received by L. J. Hall was five thousand dollars, in the year 1906, five thousand dollars, and in the year 1907, six thousand five hundred dollars, and it is further averred that no part of this income had ever been paid over to plaintiffs or for their use.

It is further charged that the defendants Clarence Hall and Rosa Patchett knew of the agreement; knew of their father's intent, alleged in the complaint to have existed when he made

the agreement, not to perform his covenant to pay the net income upon the mortgage debt, and that they joined with and assisted their father to dispose of all the net income by expending it for improvements upon lands belonging to Clarence and Rosa, and that defendants Clarence and Rosa became purchasers at the foreclosure sale. It is also alleged that L. J. Hall is insolvent. For relief plaintiffs demanded a judgment against L. J. Hall for the sum of $11,314.70 with interest, and a lien upon the ranch property now owned by Clarence and Rosa for whatever part of this $11,314.70 L. J. Hall had expended for improvements upon it. A like lien is sought upon other real estate owned by Clarence and Rosa for such portion of the net income as might have been by Hall expended upon these lands. There was also a prayer for general relief. The complaint was unverified. L. J. Hall made answer by general denial; Clarence and Rosa answered separately by general denial, and further pleaded a specific defense not necessary to set forth.

The evidence was clearly insufficient to have supported any judgment against Clarence Hall or Rosa Patchett, and so far as these defendants are concerned, the motion for nonsuit was properly granted. They were not parties to the contract upon which the claim of plaintiffs is founded. The theory of the complaint apparently was that the lands of Clarence and Rosa should be held for the amount of net income expended thereon by L. J. Hall, because L. J. Hall had, with their knowledge, made his agreement without intending to perform it, and because he was insolvent and therefore unable to compensate plaintiffs by a payment to them of an amount equal to the net income which he had failed to apply to the satisfaction of the mortgage debt. We need not inquire whether this theory is well founded in law, since there was no attempt to introduce evidence in support of the supposed facts on which it rests. The record contains no testimony tending to show that L. J. Hall, when he made his agreement, intended to violate it, or, by necessary consequence, that his codefendants knew of such intent. Nor is there any evidence to sustain the allegation of insolvency.

With respect to the defendant L. J. Hall, the case presents a different aspect. The plaintiffs introduced evidence tend-

ing to show the making of the contract as alleged, the occupancy of the ranch by L. J. Hall, the receipt of large sums of money derived from the sale of products of the ranch, the failure on the part of L. J. Hall to pay any part of the mortgage debt, and the satisfaction by the estate of Lola Fox of one-third of the mortgage, amounting to $11,314.70.

There was, however, no proof of the expenses incurred in operating the ranch; in other words, the plaintiffs made a showing of gross income, but none of net income realized. They failed, therefore, in establishing their allegation that L. J. Hall had received sufficient net income to have paid off the mortgage, or any part of it, and were not, as the proof stood when they rested, in a position to demand judgment against L. J. Hall for any specific sum. But the fact that they were not entitled to all the relief which they had asked did not justify a nonsuit. The complaint closed with a prayer for general relief. It is the right, indeed the duty, of the court to grant any relief consistent with the case made by the complaint and embraced within the issues. (Code Civ. Proc., sec 580; *Hurlbutt* v. *N. W. Spaulding Saw Co.,* 93 Cal. 55, [28 Pac. 795]; *Zellerbach* v. *Allenberg,* 99 Cal. 57, [33 Pac. 786].) The contract between the plaintiffs and L. J. Hall, followed by his possession of their property and the management thereof entitled them to an accounting from him of such management, and of the receipts and disbursements, to the end that they might then demand the payment of any net income which should have been applied to the reduction of the mortgage debt. The facts alleged and proved showed the existence of a fiduciary relation sufficient to invoke the jurisdiction of a court of equity to compel an accounting, which, as the evidence shows, had been demanded of the defendant L. J. Hall. (1 Cyc. 427; *Wooster* v. *Nevills,* 73 Cal. 58, [14 Pac. 390]; *Green* v. *Brooks,* 81 Cal. 328, [22 Pac. 849]; *San Pedro Lumber Co.* v. *Reynolds,* 111 Cal. 588, [44 Pac. 309]; *Coward* v. *Clanton,* 122 Cal. 451, [55 Pac. 147].) Upon such accounting, the burden would probably be upon the said defendant to establish any expenditures or credits upon which he might rely as offsets to the gross income shown to have been received by him. (1 Cyc. 448; *Marvin* v. *Brooks,* 94 N. Y. 71; *Thatcher* v. *Hayes,* 54 Mich. 184, [19 N. W. 946].) But be that as it may, the plaintiffs

were entitled to an accounting, and if the case had been submitted without further evidence, an interlocutory judgment directing such accounting would have been proper. (1 Ency. of Plead. and Prac., p. 102; 1 Cyc. 447; see *Duff* v. *Duff,* 71. Cal. 513, [12 Pac. 570].) The accounting might have been ordered through a reference, or the court might, with or without a preliminary interlocutory order, have proceeded to take and state the account itself (*Emery* v. *Mason,* 75 Cal. 222, [16 Pac. 894]), rendering such final judgment thereon as might appear to be proper.

The judgment in favor of the defendants Clarence C. Hall and Rosa E. Patchett is affirmed.

The judgment in favor of the defendant L. J. Hall is reversed.

Beatty, C. J., does not participate in the foregoing decision.