[Civ. No. 3124.  First Appellate District, Division Two.—December 1, 1919.]

## S. E. McPHERSON, Respondent, v. GREAT WESTERN MILLING COMPANY (a Corporation), Appellant.

[1] CONTRACTS—CONDUCT OF BUSINESS FOR PART OF NET PROFITS—REMEDY FOR BREACH.—Where the contract between plaintiff and defendant provided that plaintiff was to conduct the business owned by defendant and "was to accept as full compensation for his services one-half of the net proceeds," but that he was "not to be considered as a partner in said business," his remedy to recover for his services was an action at law for breach of contract and not an equitable action for an accounting.

[2] ID.—PLEADING—RELIEF PERMISSIBLE.—As there is but one form of action in this state, the court can grant any relief embraced within the issues.

[3] ID.—INTERPRETATION OF BY COURT.—Where the contract between the parties is set out in the complaint and admitted in the answer, its interpretation is to be made by the trial court.

[4] ID.—INTERPRETATION—PLEADING—APPEAL.—The appellant cannot complain on appeal of an interpretation which it placed on the contract in its answer.

[5] ID.—JUDGMENT LESS THAN COMPUTED—APPEAL.—On appeal the defendant cannot complain that the judgment of the trial court in favor of the plaintiff was for less than on its computation it might have been.

[6] ID.—SUMMARY OF BOOKS — PROOF OF CORRECTNESS — EVIDENCE.—The trial court properly admitted in evidence, over defendant's objection that it was not shown that the records on which the data were based were correct, a financial statement prepared by an auditor from data taken from defendant's books. Such books being in the defendant's possession, it had it within its power to show that the statement was not correct as a summary of what the books showed, or that the books themselves were not correct.

APPEAL from a judgment of the Superior Court of Orange County.  W. H. Thomas, Judge.  Affirmed.

The facts are stated in the opinion of the court.

H. G. Ames, Albert M. Norton and Chas. Greenberg for Appellant.

F. C. Drumm and H. C. Head for Respondent.

BRITTAIN, J.—The defendant appeals from the whole of a judgment against it for $2,049.04. The complaint was upon seven distinct causes of action. The last six were for rentals of real property, the selling price of specific personal property, and the use of other personal property. A portion of the judgment was for interest and for various sums found to be due under the last six counts. In its briefs the appellant attacks only that part of the judgment, amounting to $1,062, found to be due under the first count, which, therefore, alone need be considered.

A contract dated June 21, 1915, between the parties was set out by exhibit and it was alleged that the contractual relationship of the parties was dissolved by mutual consent on December 31, 1915. It was further alleged that at that time the defendant had promised to pay the plaintiff one-half of the profits of the business to which the contract related, amounting, as the plaintiff was informed and believed, to $1,327.32, no part of which had been paid. A demurrer to the complaint was overruled; the defendant answered, denying only the allegations concerning the promise to pay and the fact of the debt, and alleged the plaintiff owed it $1,166.31, which, it was further alleged, ''is in excess of one-half of the net earnings of said business for the years 1914 and 1915, which became due to the defendant and cross-complainant under the terms of said agreement.'' This affirmative allegation was in the answer. There was also a cross-complaint, but no question is presented concerning it. In the contract the appellant corporation was the party of the first part and the respondent the other party. It recited that the respondent, for about two years, had been operating for the appellant a business belonging to the appellant in the sale of merchandise, ''said party of the second part having received remuneration for his services therein one-half of the net proceeds earned by said business, said party of the second part having furnished his entire time and in addition thereto three wagons and five horses, and it is hereby desired by both parties hereto that an agreement be entered into in writing so that there may be no possibility of a misunderstanding and all verbal agreements heretofore are void and this agreement is to be final.'' It was then agreed that the appellant corporation was the owner of the business, and that ''all the accounts, stocks and

supplies necessary to carry on said business are the sole property of the party of the first part and shall continue so throughout the length of this agreement," except rolling stock to be furnished by the respondent. It was further agreed that "party of the second part agrees to accept as full compensation for his services one-half of the net proceeds after all expenses and costs of materials and everything necessary to the operating of said business shall have been deducted and that the same is to be paid to him in lieu of any salary, but that he is not to be considered as a partner in said business and that he has no interest whatsoever in anything but the net profits before mentioned." Then followed conditions of an extremely stringent nature in favor of the appellant, among others one which permitted it to terminate the agreement at any time, though the contract was entirely silent in regard to either its term or the right of the respondent to withdraw.

The appellant advances six propositions against the judgment, as follows:

[1] 1. That "the relation existing between the parties hereto being in the nature of a partnership, the action should have been for an accounting, and not an action at law for breach of contract." This does violence to the plain language of the contract. The plaintiff claimed no interest in the property. He sued for the amount due him as compensation, measured by the method agreed upon. (1 Cyc. 407, par. d.) As to the amount recoverable, the case is a proper one for the application of the maxim that that is certain which can be made certain. (Civ. Code, sec. 3538.)

[2] 2. That "the complaint does not state facts sufficient to constitute a cause of action because it is an action at law and should have been an equitable action for an accounting." This is but a restatement of the first contention, and of no greater force. In this state there is but one form of action. The demurrer is general. The court could grant any relief embraced within the issues. (*Hurlburt* v. *Spaulding Saw Co.*, 93 Cal. 57, [28 Pac. 795]; *Coward* v. *Clanton*, 122 Cal. 451, [55 Pac. 147]; *San Pedro etc. Co.* v. *Reynolds*, 121 Cal. 74, [53 Pac. 410]; *Fox* v. *Hall*, 164 Cal. 287, [128 Pac. 749].)

3. That "there was no issue framed by the pleadings to justify the finding that it was the intention of the parties

that the contract was retroactive." **[3]** The contract was set out in the complaint and admitted in the answer. Its interpretation was to be made by the court. The sole purpose of every rule of interpretation is to ascertain the intention of the parties. (Civ. Code, sec. 1636.) The affirmative allegation of the answer concerning the half of the net earnings "for the years 1914 and 1915, which *became due to the defendant . . . under the terms of said agreement,*" amounted to an admission of the interpretation of the contract binding upon the court as well as the appellant. If the appellant became entitled to half the earnings *under the contract* for 1914 and 1915, the respondent must have been entitled to the other half for the same period under the contract. **[4]** The appellant cannot complain on appeal of an interpretation which it placed on the contract in its answer. There is no claim made that the appellant ever settled with the respondent for services rendered in 1914 and 1915, and the evidence clearly shows the respondent never actually received payment of the remuneration equal to one-half of the profits the contract recited he had received. It was a credit only of which the appellant seeks to avoid payment.

4. That "evidence of the transactions which occurred prior to the date of the contract should have been excluded." This is simply a restatement of the third proposition. No argument is made upon it. It is unworthy of consideration.

5. That "finding No. 7 is not supported by the evidence, for the reason that there was no proof advanced at the trial to show that the sum of $1,062 was due the plaintiff and respondent." The appellant argues that the balance due the plaintiff should have been computed solely on a statement dated January 1, 1916, which on its face purported to cover only the transactions for the year 1915. From this statement alone the appellant figures the respondent's credit should have been $309.58. The statement of December 31, 1914, for the transactions of that year showed the respondent's half of the net profits was then $1,057.14. If the appellant's conceded credit of $309.58 for 1915 is added to the 1914 earnings, it would appear the judgment should have been for some three hundred dollars more than it was. **[5]** The appellant cannot complain that the judgment was for less than on its computation it might have been. The

trial court considered all the evidence, and there was sufficient to support the finding, which is conclusive.

[6] 6. That "plaintiff's exhibit No. 7, being financial statement of witness Goetsch, was improperly admitted in evidence because the books of the Orange County Supply Company, on which it was based, were not offered nor introduced in evidence." The business was carried on under the name of the Orange County Supply Company, the books of which were in the possession of the appellant, and in court counsel for the appellant twice said he would offer them in evidence, but the formal offer was not made. The witness testified he had made the statement from the books. The ledger being shown him, he was asked if that was the book from which he got the data. He replied: "I couldn't say. *The only way I could tell is by comparing the figures of the statement I made with the ledger.* I don't now recall whether this is the book or not." He was not asked, nor afforded the opportunity, to make the comparison. The specific objection to the statement was that the witness, who was simply an auditor, not the accountant, of the defendant's business, had not shown that the records on which the data was based were correct. There is no contention that the statement was not correct as a summary of what the books showed, nor that they were not correct. The appellant had it in its power to show any error in either in the trial court. The case was one permitting the use of just such a summary as was introduced. (Code Civ. Proc., sec. 1855, subd. 5.)

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.