# LONG VALLEY LAND & DEVELOPMENT CO.
## v. HUNT

No. 2780

May 1, 1928.                                    266 P. 917.

*James D. Finch,* for Appellant:

*Barry & Barry,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This is a companion case to Hunt v. Johnston, No. 2779, this day decided. It is an action for an accounting. The defendant filed an account.

After the evidence was taken the learned judge filed his written decision and ordered judgment in favor of the defendant. In his written opinion he said:

"The defendant rendered an account which is attempted to be falsified in certain particulars. The evidence in this respect is too vague and indefinite to sustain the burden of proof. While suspicion is cast on a few items the court cannot of course elevate these to the dignity of facts, or if it did do so determine the incorrectness in dollars and cents."

■ From this as well as from the findings it clearly appears that the court took the view that the burden of proof was upon the plaintiff to show the incorrectness of the account. Such is not the law. The burden rests upon the person accounting. Marvin v. Brooks, 94 N. Y. 71; Thatcher v. Hayes, 54 Mich. 184, 19 N. W. 946; Fox v. Hall, 164 Cal. 287, 128 P. 749; 1 C. J. 643.

■ When a court reaches an erroneous and prejudicial conclusion by a misapplication of a rule of law, or by erroneously placing the burden of proof upon the losing party, particularly where the evidence is about

evenly balanced as in instant case, no course is open but to reverse the judgment.

It is ordered that the judgment and order be reversed, with costs.

ON PETITION FOR REHEARING

August 7, 1928.

*Per Curiam:*

Rehearing denied.