# LATTERNER *v.* LATTERNER

No. 2836

February 5, 1929.                    274 P. 194.

*Grover L. Krick,* for Appellant:

*Wayne T. Wilson,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

This is an action for divorce. Respondent, who was plaintiff in the court below, obtained a decree of divorce. In his amended complaint appears the following allegation:

"That plaintiff resides in and for more than three months immediately preceding the commencement of this action has resided continuously in the county of Douglas, State of Nevada, since the 19th day of July, 1927."

This allegation was denied in the answer. Appellant contends that the evidence did not establish the bona fides of respondent's residence in Douglas County for the period of three months prior to the commencement of the action. This is the only question she presents.

We are of the opinion that the trial court misapplied the law to the facts bearing upon this issue. This appears from the following statement of the trial court found in the bill of exceptions:

"The court did not find that plaintiff's residence was in good faith, but only that he had been actually and corporeally present in Douglas County for three months immediately before the action was begun. Is more required? If it is, the plaintiff should not have his decree."

The plaintiff, however, was given a decree, and as the bona fides of his residence was a material issue, which the court did not pass upon, the resulting preju-. dice to appellant from this omission is apparent.

Section 5838 of the Revised Laws was amended by the legislature of 1927 (Stats. 1927, c. 96), and the part involved reads:

"Divorce from the bonds of matrimony may be obtained, by complainant, under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabited, or in which the plaintiff shall have resided three months before suit be brought. * * * "

The foregoing provision, prior to the amendment at that session of the legislature, provided that a suit for divorce could be brought in the county in which plaintiff had resided for six months before the commencement of the action. The only change wrought

by the amendment in the phraseology of the part of the section quoted was in making the time of residence three months, where it had formerly been six. Prior to the amendment the six months' residence clause had been definitely construed by this court. The residence required was determined to be of a character denoting a present intention on the part of the one claiming it to make the county in which the suit was instituted the person's home, at least for an indefinite period. It was held, also, that the residence meant by said section 5838, and by the Session Acts of 1911, c. 158, was one characterized by the physical presence of the person, as well as by his or her intent to make the place a home. Fleming v. Fleming, 36 Nev. 135, 134 P. 445; Presson v. Presson, 38 Nev. 203, 147 P. 1081; Walker v. Walker, 45 Nev. 105, 198 P. 433.

The legislature must be presumed to have been cognizant of these constructions. In the absence of any language in the amendment indicating a contrary intention, it must also be presumed that the word "resided" was used by the legislature with the meaning ascribed to it by the court. If the legislature uses words which have received a judicial interpretation, they are presumed to be used in that sense, unless the contrary intent can be gathered from the statute. 2 Lewis' Sutherland, Statutory Construction (2d ed.), 758, 759.

■ There is nothing in the language of the amendment denoting an intention to make mere physical corporeal presence in the county the sole element of the residence required of a plaintiff in a divorce action. The same language formerly used in the provision amended was employed, except in designating the number of months required. What motive the legislature may have had in shortening the time of residence has no bearing on the meaning of the words used. Where the language of a statute is susceptible of a sensible interpretation, it is not to be controlled by any extraneous considerations.

■■ The trial court should have considered the evidence bearing upon the good faith of respondent's

residence. The supreme court cannot pass upon the question in the first instance. When a court applies a wrong principle of law to the prejudice of a party, the judgment must be reversed. Long Valley Land & Development Co. v. Hunt, 51 Nev. 5, 266 P. 917. Furthermore, the court, having failed to find plaintiff to be a bona fide resident, was without jurisdiction to grant him a decree of divorce.

The judgment is reversed.

ON PETITION FOR REHEARING

May 16, 1929.

*Per Curiam:*

Rehearing denied.