245 P.2d 145.

## THAMERT v. CARTER.

### No. 7856.

Supreme Court of Idaho.

June 3, 1952.

Benj. F. Harrison, Boise, for appellant.

Ariel L. Crowley, Boise, for respondent.

PORTER, Justice.

This is an action instituted by appellant as plaintiff against respondent as defendant for an accounting for the proceeds of the sale of a business known as the Corner Cigar Store at Mountain Home. At the close of appellant's case, a motion for nonsuit was made by respondent and granted by the court. Judgment was entered for respondent and appellant has appealed therefrom to this court. The sole question presented on the appeal is whether or not the trial court erred in granting the motion for nonsuit.

In order that the questions raised by the motion for nonsuit may be understood and evaluated, we deem it necessary to summarize the allegations of the pleadings material thereto. By his complaint, plaintiff alleges that on or about the 20th day of September, 1950, the parties entered into an agreement in writing reading as follows:

"This agreement, Made and entered into this 20th day of September, 1950, by and between Earl Carter of Mountain Home, Idaho, the first party, and J. Edwin Thamert of Boise, Idaho, the second party, Witnesseth:

"That Whereas, The parties hereto have certain interests in the business conducted, and transacted, under the firm name and style of the Corner Cigar Store, Mountain Home, Idaho; and,

"Whereas, It is not the desire of the parties hereto to enter into, or operate, as a co-partnership, and the second party does not desire to take any part in the management, or control, of said business, nor to receive any compensation, profits or other *renumeration* from the operation of the business generally.

"Now, Therefore, It is mutually understood and agreed by the parties hereto as follows:

"(1st) That in the event of the sale of said property, or business, all obligations including mortgages, liens or other accounts of any nature whatsoever shall first be paid and discharged; and,

"(2nd) That any remaining amount from said sale in excess of the sum of thirteen thousand ($13,000.00) dollars, shall be equally divided between the parties hereto; and,

"(3rd) That it is fully understood and agreed that the foregoing provisions do not cover any agreement for the operation of slot machines or music boxes, and that this agreement shall bind the heirs, personal representatives, and assigns of the respective parties hereto.

"In Witness Whereof The parties hereto have set their hands the day and year first above written.

"J. Edwin Thamert
Earl Carter"

The amended complaint further sets out that plaintiff is informed and believes and upon such information and belief alleges the facts to be that defendant on or about the first day of April, 1951, entered into an agreement for the sale of said business property to one Frank L. Kurdy and associates for the total sale price of $30,000; that defendant received from said sale a substantial sum of money as the initial and partial payment of the purchase price, the exact amount of which plaintiff does not know; that said sum of $30,000 is in excess of any mortgages, liens or other accounts of any nature whatsoever chargeable against the sale price of said business under the terms of the agreement between the parties including the $13,000 mentioned therein; and that there is now due and owing from defendant to plaintiff one-half of the remaining sum of said money, the exact amount of which sum plaintiff does not know. It is further alleged that plaintiff has demanded an accounting of defendant but that defendant has failed, neglected and refused to account or to pay over to plaintiff any portion of the sum of money received by him from the sale of said property. Plaintiff prays for an accounting and for judgment for such sum as may be found due him upon such accounting.

By his answer to the amended complaint, defendant admits the execution of the agreement set out in the complaint; admits that defendant has sold the property involved on contract to Kurdy Brothers for the sum of $30,000. Defendant pleads further by Paragraph 7 of his answer, reading as follows:

"7. The defendant renders accounting to the plaintiff as to such sale, as demanded in the complaint, and makes statement of the obligations, including mortgages, liens and accounts of other nature referred to in paragraph 1st of the Agreement set forth in paragraph I of the complaint, in Exhibit A attached hereto and made part of this paragraph by reference; and alleges affirmatively that upon such accounting there is no sum whatever owing to the plaintiff."

There is attached to the answer as Exhibit A, a "Schedule of Obligations outstanding

at the time of sale, and deductible from the sale price before computation of profit." The items set out therein aggregate $38,189.97, being more than the total sale price.

Appellant was the only witness called to testify. He testified as to the making of the contract; as to the sale of the property for $30,000; and that no accounting by respondent had been made.

On the matter of a demand for an accounting he testified as follows:

"Q. Did you make any demand for an accounting on what had been done with the money? A. No, I didn't make any demand for any accounting.

"Q. Did you ask him for your share of the sale price of the property? A. No. Mr. Carter voluntarily told me that he would give me my share but he couldn't pay it until the following September; that he had spent his money in buying the Bouquet, or a payment on the Bouquet, at Mountain Home and that he couldn't pay me until September.

"Q. You mean that was money from the sale of the property? A. That was the money from the resale of the property."

He testified to other matters concerning the dealing of the parties prior to the making of the agreement in question, which testimony is not material to a determination of this appeal.

Appellant having rested, respondent moved for a judgment of nonsuit, the motion being as follows:

"Mr. Crowley: I move the Court for a judgment of nonsuit on the ground that the plaintiff has failed to make out a case sufficient to entitle the plaintiff to a judgment in this case, and particularly he has failed to show that the property was ever sold for any specific sum; has failed to show, and indeed has negatived by testimony of the plaintiff himself that the plaintiff has, as alleged in Paragraphs X and XI, ever made demands for accounting which have been refused; has failed to show that there was anything in excess of the sum of $13,000.00 plus all obligations including mortgages, liens and other accounts of any nature whatsoever, that should first be discharged under the agreement of the 20th of September, 1950, by which any amount whatever would be left over for division between the parties even on plaintiff's own theory."

The first point in the motion for nonsuit is that plaintiff has failed to show that the property was ever sold for any specific sum. The pleading of respondent admits the sale of the property on contract for $30,000 and that $15,000 has been received by respondent.

The second point in the motion for nonsuit is that plaintiff has failed to show

that he ever made a demand for an accounting which was refused by respondent. Assuming but not holding that under the evidence a demand was necessary prior to suit, such demand was waived when respondent rendered and tendered an accounting in his answer.

 The third point in the motion for nonsuit is that plaintiff has failed to show that the sale price was in excess of the proper charges which respondent was entitled to make against same under the agreement of September 20, 1950, and that there would be any amount left over for division between the parties. The fallacy of respondent's position on this point is that it assumes the burden of proof as to such charges was upon appellant. The trial court apparently took respondent's view as he stated in sustaining the motion that "the burden here being on the plaintiff, he has failed to sustain his burden, and the motion will be granted." In an action for an accounting the burden of proving the correctness of an account is on the party making it. 1 C.J.S., Accounting, § 39, p. 679.

In Long Valley Land & Dev. Co. v. Hunt, 51 Nev. 5, 266 P. 917, the court said:

"From this as well as from the findings it clearly appears that the court took the view that the burden of proof was upon the plaintiff to show the incorrectness of the account. Such is not the law. The burden rests upon the person accounting. Marvin v. Brooks, 94 N.Y. 71; Thatcher v. Hayes, 54 Mich. 184, 19 N.W. 946; Fox v. Hall, 164 Cal. 287, 128 P. 749; 1 C.J. 643."

 In Simper v. Scorup, 78 Utah 71, 1 P.2d 941, at page 945, the court stated the rule as follows:

"In a suit in accounting in equity the burden of proof is upon the defendant to account for all money or property of the plaintiff that has come into his hands. He has the burden of showing that he is entitled to credit for moneys charged in his account or as having been paid by him to or for the use of the plaintiff, and the plaintiff does not have the burden of showing that the items charged were improper or that the defendant was not entitled thereto."

 In respondent's brief there is some discussion as to the right of appellant to an accounting. Such right is not challenged in the answer; nor in the motion for nonsuit. Challenge thereto was waived by the actual tender of an account by defendant in his answer. The point is not before us for consideration.

The trial court erred in sustaining the motion for nonsuit and entering judgment against plaintiff. The judgment is reversed and the cause remanded to the trial court for new trial. Costs awarded to appellant.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.