[Civ. No. 19101.   Second Dist., Div. Two.   Feb. 18, 1953.]

ANTHONY J. COMUNALE et al., Respondents, v. TRADERS & GENERAL INSURANCE COMPANY (a Corporation) et al., Appellants.

W. P. Smith for Appellants.

Newlin, Holley, Tackabury & Johnston and Frank R. Johnston for Respondents.

McCOMB, J.—Defendant appeals from a judgment in favor of plaintiffs in an action to recover for breach of the terms of an insurance policy after trial before the court without a jury.

*Facts*: In July of 1947, Percy Sloan purchased from defendants through its agent, Frank Sloan (who is not related to the other Sloans involved herein), a policy of automobile insurance. The policy was written in the name of Percy Sloan's wife, Felie Sloan, as the insured, but the same coverage existed in favor of Percy Sloan as that of his wife.

At the time of the issuance of the policy Percy Sloan owned a 1941 Plymouth. The policy was for a one-year term from July 9, 1947, through July 9, 1948. In addition to specifically providing coverage for the Plymouth the policy contained a clause, hereinafter set forth, with reference to defendant's liability to the insured, for injuries resulting while using other automobiles.

Percy Sloan paid Frank Sloan the premiums required according to the terms of the policy.

On Saturday, March 27, 1948, Percy Sloan, while en route to his aunt's for a social visit and while driving his brother John's truck, struck plaintiffs who were crossing Olympic Boulevard on foot. Percy Sloan was driving his brother John's truck under the following circumstances:

John had purchased the truck to establish another route in his business of picking up and delivering clothes for dry cleaning. Percy asked John if he might use the truck while John was not using it to go to and from work, and said he would pay John what it would cost Percy to pay for public transportation between his home and place of business. One payment of $3.00 was made by Percy to John. Percy drove the truck to and from work, a distance of about five miles, each day for 10 days before the date of the accident and

did not drive it at all after that date. The only occasion for which he used it other than traveling to and from his place of business was on the evening of the accident in question.

On the Monday following the accident, March 29, 1948, Percy Sloan called Frank Sloan on the telephone and advised him of the accident and asked if he were covered. He was told that inasmuch as he was driving someone else's truck he was not covered.

In November of 1948, the Comunales (plaintiffs herein) filed suit against Percy Sloan. On or about February 3, 1950, Mr. Leppek, attorney for Percy Sloan, tendered the defense of the action to defendant herein. On May 18, 1950, defendant advised Mr. Leppek that there was no coverage for the accident in question.

Anthony J. Comunale recovered a judgment in the amount of $25,000 against Percy Sloan and plaintiff Carmela Comunale recovered a judgment in the amount of $1,250 against him. Both judgments have become final and no part of either has been satisfied.

Plaintiffs herein brought the instant action under the provisions of section 11580(b)(2) of the Insurance Code and Clause II, Condition 6 of the policy issued by defendant.

■ *Questions*: First: *Did Clause V of the policy of insurance issued by defendant limit its liability so as to relieve it from liability for the accident in the instant case?*

*No.* Clause V of the policy reads in part as follows:

"V. Use of Other Automobiles:

"Such insurance as is afforded by this policy for bodily injury liability and for property damage liability with respect to the automobile classified as 'pleasure and business' applies (1) to the named insured, if an individual and the owner of such automobile, or if husband and wife either or both of whom own such automobile, and (2) to the spouse of such individual if a resident of the same household, to the employer of such named insured or spouse, and to the parent or guardian of such named insured or spouse, if a minor, as insured, with respect to the use of any other automobile by or in behalf of such named insured or spouse.

"This insuring agreement does not apply:

"(a) to any automobile owned in full or in part by, registered in the name of, hired as part of a frequent use of hired automobiles by, or furnished for regular use to, the named insured or a member of his household other than a private

chauffeur or domestic servant of the named insured or spouse."

In the trial court defendant contended that the proper interpretation of the words "hired as part of a frequent use of hired automobiles" appearing in clause (a) of the foregoing provisions should be construed as follows:

"The words 'frequent use' apply only to a hired automobile and have nothing to do with the following provision as to an automobile 'furnished for regular use.' There is an obvious reason for this difference. Hired automobiles are always available for regular use at garages that rent them, so that the clause 'furnished for regular use,' if used alone, would exclude coverage from all hired automobiles. Since it was desired to cover the insured during an infrequent use of a hired automobile, it was necessary to insert a provision excluding coverage as to an automobile 'hired as a frequent use of hired automobiles.' "

Since defendant placed the foregoing interpretation upon the clause in the trial court it is binding upon it on appeal, (*McPherson* v. *Great Western Milling Co.*, 44 Cal. App. 491, 494 [4] [186 P. 803]) and since defendant has taken the position that the general clause "furnished for regular use" standing alone would exclude coverage from all hired automobiles, the clause, "hired as part of a frequent use of hired automobiles" is a particular clause which is inconsistent with and qualified the broader expression.

Thus the particular clause governs. Civil Code, section 3534 says, "Particular expressions qualify those which are general." (See, also, *Autry* v. *Republic Productions, Inc.*, 30 Cal.2d 144, 151 [3] [180 P.2d 888].)

Second: *Did Percy Sloan's use of his brother's truck constitute a "frequent use" thereof?*

*No.* The question of whether or not the use was "frequent" was one of fact for determination of the trial court, whose findings supported by substantial evidence are binding upon an appellate court. (*Pacific Auto. Ins. Co.* v. *Lewis,* 56 Cal. App.2d 597, 601 [132 P.2d 846].)

The evidence discloses in the instant case that Percy Sloan had used his brother's truck other than on the occasion of the accident at the most for 10 days to drive to and from work, a distance of approximately 10 miles on each occasion. This constitutes substantial evidence to sustain the trial court's finding that Percy Sloan's use of his brother's truck was not a "frequent use." Therefore, it cannot be held, as

a matter of law, that such finding is not supported by evidence.

■ This conclusion is supported by the rule relative to the construction of doubtful language in an insurance policy as stated by Mr. Justice Vallée in *Pendell* v. *Westland Life Ins. Co.,* 95 Cal.App.2d 766, 769 [214 P.2d 392] as follows: "Where the language is susceptible of two constructions, it should be construed most strongly in favor of the insured."

■ Third: *Was there substantial evidence to sustain the trial court's finding that the automobile Percy Sloan was driving at the time of the accident was not furnished for his regular use?*

*Yes.* The evidence discloses that the truck had been used by Percy Sloan solely for the purpose of driving to and from his work and not for other purposes, and the only occasion on which he had used the truck other than for this purpose was on the night of the accident. This evidence sustains the trial court's finding. (*Pacific Auto. Ins. Co. v. Lewis,* 56 Cal. App.2d 597, 600 et seq. [132 P.2d 846].)

It thus appears clear that the policy issued by defendant covered the accident in question by the provisions in Clause V reading thus: "V. Use of Other Automobiles: Such insurance as is afforded by this policy for bodily injury liability . . . applies . . . with respect to the use of any other automobile by or in behalf of such named insured or spouse."

Fourth: *Did the insured fail to comply with the terms of the insurance policy requiring that written notice of an accident be furnished to the insurer or its authorized agent as soon as practicable after the accident, by failing to give written notice to defendant until almost two years after the date of the accident?*

*No.* On May 18, 1950, defendant wrote a letter to the insured's attorney reading in part as follows:

"We appreciate your letter, but can only reiterate the previous position which we have taken that our policy did not cover the accident in question; and that, furthermore, our assured did not comply with the terms of the policy by giving us immediate notice of the accident out of which this litigation arises. We must, therefore, continue to respectfully decline to defend this accident, or to pay any expense of the defense, or to pay any judgment in the event one is rendered against the defendant."

■ The law is established that where an insurance company denies liability under a policy which it has issued, it

waives any claim that the notice provisions of the policy have not been complied with. (*Kennedy* v. *American Fid. & Cas. Co.*, 97 Cal.App.2d 315, 316 [1] [217 P.2d 457]; *Grant* v. *Sun Indem. Co.*, 11 Cal.2d 438, 440 [2] [80 P.2d 996].) This rule is here applicable.

In view of our conclusions other authorities and questions discussed by counsel are immaterial.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied March 6, 1953, and appellants' petition for a hearing by the Supreme Court was denied April 15, 1953. Edmonds, J., and Schauer, J., were of the opinion that the petition should be granted.