[No. 7,474.—Department One.]

## EDMUND L. JONES v. WM. X. GARDNER.

FORECLOSURE—MORTGAGE—DEED INTENDED AS A MORTGAGE.—The defendant borrowed from the plaintiff $1,350, for which he agreed to pay the plaintiff, a year after date, $1,600; and to secure the payment thereof, executed a deed of conveyance for certain lands to the plaintiff, and the plaintiff at the same time executed to the defendant a bond conditioned for the reconveyance of the land on or before the expiration of the year, provided the defendant should have paid the said $1,600.

    In an action to foreclose, *held,* that the plaintiff was entitled to a judgment against the defendant in the usual form for the sale of the premises, and for the docketing of a judgment for any deficiency resulting.

ID.—ID.—ID.—INTEREST.—*Held,* further, that the plaintiff was entitled to interest on the $1,600 from the time that the mortgage debt became due.

ID.—ID.—ID.—SALE OF REAL ESTATE.—*Held,* further, that the Court was not bound to find whether it would be to the advantage of the defendant to have the mortgaged lots sold separately.

ID.—ID.—ID.—The power of the Court to refer a case to referees depends upon the pleadings, and a reference may be ordered in any equity suit, where either party alleges facts showing an accounting to be necessary.

APPEAL from a judgment for the plaintiff, in the Superior Court of San Diego County.    McNEALY, J.

*Brunson & Wells,* and *A. B. Hotchkiss,* for Appellants.

Under § 2928, Civil Code, when the mortgage contains no express covenant to pay the debt secured, and no bond, note, or other separate instrument has been given for it, an action cannot be maintained upon verbal agreement to pay the debt; the remedy is limited to the land described in the mortgage. (*Hunt* v. *Lewin,* 4 Stewt. & P. 138; *Weed* v. *Covill,* 14 Barb. 242; *Culver* v. *Lisson,* 3 Comst. 264; *Van Bruntt* v. *Missner,* 8 Minn. 232.) The judgment compounds interest. Of the $1,600 due September 28th, only $1,350 was the principal, and the balance

$200 interest. Interest cannot be compounded except in accordance with the stipulation of the parties. (*Doe* v. *Vallejo*, 39 Cal. 285; *Montgomery* v. *Tutt*, 11 id. 316; Parsons on Contracts, 147; Hittell's Gen. Laws, art. 3858; Civ. Code, § 2918; *Klink* v. *Price*, 4 W. Va. 4.)

Defendant had a right to a decree of separate sale of anything found due. The proceeding in this case was an action at law, and the defendant had a right to a trial by jury. The admission that the transaction was a mortgage eliminated all the equitable features from the case. The Court has no power to send an ordinary suit at law to a referee for trial. (*Grimm* v. *Norris*, 19 Cal. 140.) The parties are entitled to a trial by jury upon the legal issues. (*Weber* v. *Marshall*, 19 Cal. 457; *Treadway* v. *Wilder*, 12 Nev. 116; Const. art. 1, § 7.) "If there are other issues in the case not involving the examination of a long account, the Court has no compulsory power to send them to a referee for trial." (*Williams* v. *Benton*, 24 Cal. 424; Code Civ. Proc. § 639; Pract. Act, § 183.)

*Leach & Parker*, for Respondents.

Cited Code Civ. Proc. § 639.

The COURT

1. The Court found, and the pleadings admit, that the deed to plaintiff was intended as a mortgage. It is claimed that the judgment *over* against the defendant was erroneous. Section 2928 of the Civil Code provides that a " mortgage " does not bind the mortgagor personally unless there is an express covenant therein to that effect. But here there is evidence that defendant had promised to pay the sum of $1,600, on or before the 28th day of September, 1878. The fact is admitted by the answer, and it is recited in the bond, which was executed by the plaintiff, contemporaneously with the execution of the deed by defendant. The recital was recognized to be correct by defendant, who accepted a delivery of the bond, and indeed relies upon it as evidence that the deed was intended as a mortgage. There was no error in entering the personal judgment.

2. The judgment does not illegally compound the interest.

By the terms of the contract between the parties the sum of
$1,600 "became due" September 28th, 1878, and the decree
properly provided for legal interest on such sum from that date.
(Civil Code, § 1917.)

3. The Court was not bound to ascertain at the trial whether
it would be "to the advantage" of defendant to have the lots
sold separately. It may be the duty of the *sheriff* to make sale
of the lots separately, and it would seem to be the right of the
mortgagor to direct the order of the sale; but defendant is not
called on to *plead* that it would be to his disadvantage to have
the lands sold in gross, and such a plea creates no material
issue.

4. It is said the Court had no power to make the order of ref-
erence. The language of this first subdivision of § 639 of the Code
of Civil Procedure indicates that the power of the Court to refer
depends upon the *pleadings* on the one side or the other. The ref-
erence is made "when the trial of an issue of fact" requires the ex-
amination of a long account. A reference for such purpose may,
under our State Constitution, be made in any *equity* suit, when
either party alleges facts showing an accounting to be necessary.
Here the allegations with reference to an "open, current, and
mutual account" are made in the answer to a bill in equity.
The defendant was not entitled as of right to his trial by jury.
Equity had acquired jurisdiction for the purpose of decreeing
the deed to have been intended as a mortgage, and for its fore-
closure, even if the matter of accounting was not of itself a sub-
ject of concurrent equity jurisdiction.

5. If the *order* of reference was broader than the Court was
authorized to make, the report shows that the referees confined
themselves to two questions; the alleged account, and the mat-
ter of the absence of plaintiff from the State. The latter ques-
tion was material *only* in case there had been an open, mutual,
and running account, and the referees reported that there never
had been such. No exception was taken to the report of the
referees or to any particular action on their parts. As to the
other issues made by the pleadings, the *Court* heard all the tes-
timony necessary for determining the same, and there is no pre-
tense that defendant offered further testimony with respect to
them.

Judgment affirmed.