[No. 9715.    Department One. — March 2, 1888.]

JOSEPH S. EMERY, APPELLANT, v. GUADALUPE
MASON ET AL., RESPONDENTS.

ACCOUNTING — COURT MAY STATE ACCOUNT — REFERENCE. — In an action for
an accounting, the court may itself take or state the account, and when
it does so, a refusal to order a reference for such purpose is not erroneous.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The action was commenced on the 16th of October,
1883, against the personal representatives of one Charles
G. Mason for an accounting. The plaintiff bases his
right to an accounting upon a certain agreement en-
tered into by him and Mason on or about the 20th of
August, 1863. By the terms of the agreement the plain-
tiff agreed to furnish Mason the value of five hundred
dollars in money, tools, and provisions, and in consider-
ation thereof Mason agreed to go on a prospecting tour,
and to prospect and work a marble quarry in the Santa
Lucia Mountains, and to prospect for, locate, and acquire
mines of gold, silver, and other precious metals gener-
ally. It was further agreed that plaintiff should have
one half of all mines and mining property so acquired,
discovered, or located by Mason on the prospecting tour,
and Mason the other half. No time was fixed or agreed
upon between the parties during which the prospecting
tour was to continue. The court found in favor of the
defendants, and rendered judgment accordingly. From
this judgment and an order refusing a new trial, the
plaintiff appeals. The further facts are stated in the
opinion of the court.

*Wilson, Otis & Roche*, for Appellant.

*Garber, Thornton & Bishop*, for Respondents.

McKINSTRY, J.—The appellant contends the facts of this case resemble those in the case of *Harris* v. *Hillcgass*, 54 Cal. 463.    But in *Harris* v. *Hillegass*, the court below had sustained a demurrer to the complaint, and this court held the complaint stated a cause of action. In the case at bar the superior court overruled a demurrer to the complaint, and found upon evidence adversely to allegations of the complaint which were denied by the answer.

The complaint avers that in consideration of money, provisions, and tools furnished by plaintiff to Charles G. Mason, under the prospecting contract—alleged in the complaint—between plaintiff and said Mason, and in pursuance of said contract, Charles G. Mason "entered upon and made the said prospecting tour, and from said money, tools, and provisions made and received for the common benefit and advantage of himself and said Emery a large amount of issues, profits, and proceeds, and outgrowth thereof, and the profits derived therefrom, for the equal, common profit, benefit, and advantage of said Mason and said Emery, and in pursuance of the undertaking and adventure aforesaid, bought, located, and acquired valuable mines of gold and silver, and other property, real and personal, and large sums of money, as proceeds, issues, and profits thereof, of the exact character, value, or location of which, except as hereinafter stated, plaintiff is ignorant."

The superior court found:—

"2. That in pursuance of said agreement the said plaintiff, on or about said last-named date, at said San Francisco, furnished and delivered to the said Mason the sum of $342 in money, and tools of the value of $45.98, and provisions of the value of $112.02; and the said Mason, in consideration thereof, entered upon said prospecting tour, and proceeded to said Santa Lucia Mountains, and prospected said marble quarry, and found the same valueless, and thereafter continued

upon said prospecting tour without discovering, acquiring, or locating any mines or mine until about the 20th of October, 1863, when he arrived at San Luis Obispo, when he left the said tools and abandoned the said prospecting tour, and proceeded thence to Arizona Territory, when, after living a short time by hunting, he settled upon the Gila River, in Pinal County, Arizona Territory, where he took up a pre-emption claim and engaged in farming,— an occupation which he exclusively pursued, with a life of great hardship, poverty, and danger, for some eight or ten years, until about the 22d of March, 1875, when the Silver King mine, in Pinal County, Arizona Territory, was discovered by one of his neighbors, Isaac Copeland, and was located by Isaac Copeland, B. W. Reagan, W. H. Long, and said Charles G. Mason.

"3. That said Charles G. Mason did not make or receive from said money, tools, or provisons, or any part thereof, or in any way, directly or indirectly therefrom, either for the common benefit or advantage of himself and said Emery, or at all, any issues, or profits, or proceeds; that he never operated with said money, or tools, or provisions, or any part thereof, except to prospect said marble quarry, nor did he ever operate with the proceeds or outgrowth thereof, or with any part of the proceeds or outgrowth thereof, or with the profits derived therefrom, or with any part of the profits derived therefrom; that there never were any proceeds, outgrowth, or profits, either from said money, tools, or provisions, or any thereof, or from said prospecting tour.

"4. That said Charles G. Mason never did, in pursuance of the undertaking and adventure aforesaid, or under or in pursuance of said agreement, buy, locate, or acquire any mines or mine, valuable or otherwise, or any property of any kind, or any sum of money whatever, either as proceeds, or as issues, or as profits, or in any other way, directly or indirectly."

The evidence sustained the findings.

It is insisted by appellant that, notwithstanding the findings, the superior court should have ordered an accounting; that the only way in which it could be ascertained that Charles G. Mason did not make or receive any advantageous benefit from the money, tools, and provisions supplied to him by the plaintiff was by an accounting. But, as the court found nothing was acquired during the prospecting tour, there was no necessity for a decretal order referring the cause for the taking of an account. Moreover, when an accounting is prayed, the court may itself take or state the account, and it would be difficult to state one in the present action more clearly than by ascertaining and declaring upon the evidence that there was no profit, return, money, or property acquired by the deceased under the contract set forth in the complaint, to be charged against him or his estate.

Judgment and order affirmed.

TEMPLE, J., and PATERSON, J., concurred.