[L. A. No. 11823.   In Bank.—March 28, 1930.]

CLARENCE L. PUTMAN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ben S. Hunter and L. E. Dadmun for Petitioner.

Randall & Bartlett for Respondents.

RICHARDS, J.—The petitioner herein applies for a writ of prohibition having for its purpose that of preventing the respondent judge herein from proceeding further with the hearing and determination of a certain action pending in the court over which he presides, and also prohibiting the other respondents herein from proceeding further to carry out the provisions of a certain order made by said judge in said action in the matter of the appointment of a referee therein during an early stage in the trial of said action before said court. The case in question was entitled *Sidney F. Brock* v. *Clarence L. Putman*, and was commenced in said court during the month of July, 1929, by the filing of a complaint therein, wherein it was alleged that a copartnership between said Brock and Putman had theretofore been entered into, having for the purpose of its members the "entering into the business of mining, locating and operating mining claims, buying and selling the same, and other business of a like nature." The complaint proceeds to allege the wrongful application by the defendant of certain of the moneys, receipts and profits of said partnership to his own use and to the injury of the business thereof, the precise amount of which is unknown to the plaintiff; that after repeated requests on the part of said plaintiff for an accounting and repayment to said partnership of the moneys so misappropriated the defendant has neglected and refused and still neglects and refuses to comply with said request or to make said accounting, and threatens to continue to misappropriate the funds of the copartnership to his own use and to sell the properties of the same and deprive the copartnership and plaintiff in said action of the proceeds of such sale, to the great and irreparable injury of both. The prayer of the complaint is that said copartnership be dissolved and that an accounting be had of the dealings and transactions thereof; that the property of said copartnership be sold and the partnership debts and liabilities paid and the surplus, if any, divided between the plaintiff and defendant according to their respective interests in said copartnership, and for such other and further relief as may be meet in the premises. The defendant Putman answered, denying generally and specifi-

cally the existence of any such copartnership, and also denying all of the other allegations of the complaint, and praying that the plaintiff take nothing by his said action. The cause came on for trial in said court and before the respondent judge thereof on the twenty-ninth day of August, 1929; whereupon the plaintiff introduced in evidence a certain document, purporting to be a letter from the defendant to the plaintiff, dated April 24, 1928, the essential portion of which reads as follows: "I got the Bull Moose tied up and have a mill ready to ship upon the property. Have it financed. I let Boggs in on it so he would help finance it, so you see I am still working for the Brock and Putman firm. Will have everything working by the time you get home." Upon the introduction in evidence of this document and upon an objection made by the defendant's counsel to the introduction of certain further evidence on the plaintiff's behalf a colloquy occurred between the trial judge and counsel for defendant, during which the trial judge proceeded to announce his conclusion that the foregoing communication established a copartnership, and that such would be the present and final holding of the court in the action, and that it would be practically useless for the defendant to offer any evidence to the contrary. The judge of the court further proceeded to state that the action had arrived at a stage wherein the court having settled the question that a partnership existed between the plaintiff and defendant, a referee should be appointed to take further evidence in the case upon the issues as to a partnership accounting. These pronouncements on the part of the trial judge were punctuated with objections thereto on the part of counsel for the defendant, but notwithstanding these, the trial judge continued the further trial of the case, and within a few days thereafter made and entered a formal order appointing the respondent Anne O'Keefe a referee in said action for the purpose designated in said order. The court recited therein, "that the trial of one of the issues of fact in the above entitled matter requires the examination of a long account, and it further appearing that a *prima facie* showing has been made of the existence, of a partnership between plaintiff and defendant, it is therefore ordered that the following matters be referred to Anne O'Keefe as sole referee." The order proceeds to recite a

number of matters bearing upon the business and accounts of said purported copartnership, and as to these orders "that the parties produce before the said referee all books, deeds, papers and writings in their custody or under their control relating thereto, and that they be examined upon interrogatories or otherwise as the said referee shall direct . . . It is further ordered that said referee report her findings upon the matters referred to prior to the 27th day of September, 1929; and it is further ordered that the trial of the above entitled action be continued until the 27th day of September, 1929, at the hour of 10 A. M., at which time the report of said referee shall be presented to the court, and at which time the parties to the said action may introduce such evidence as they may have regarding the existence of a partnership between plaintiff and defendant and regarding any other issues presented by the pleadings." Upon the making and entry of the foregoing order the petitioner herein applied to the District Court of Appeal in and for the Second Appellate District, Division One, for a writ of prohibition, which was denied *ex parte* by said court, without an opinion, and a petition for rehearing therein having also been denied, without opinion, the petitioner applied for and was granted a hearing in this court, and the aforesaid matter having been heard herein has been submitted for decision.

It is the contention of the petitioner that since in said action the existence of any copartnership between the plaintiff and the defendant had been denied, the trial court was without jurisdiction at the stage of the trial thereof during which the foregoing colloquy occurred between the trial judge and counsel for the defendant to determine the issue as to whether or not such a partnership as the plaintiff alleged to exist in fact existed, and was also without jurisdiction at that stage of the trial to make and enter its aforesaid order for the appointment of a referee therein without having first accorded to the defendant an opportunity to be heard and to introduce evidence as to the nonexistence of such copartnership. The petitioner further contends that the respondent judge in said action by his aforesaid premature pronouncement of his conclusion that such copartnership had been established and that such would be his final ruling had deprived and disqualified

himself from exercising any further jurisdiction in relation to the trial of said action. Wherefore he applied for said writ.

It is conceded that the sole question to be determined upon an application for a writ of prohibition is the question of jurisdiction. It would seem to be too plain for further discussion that the attitude, action and conclusion of the trial court in the aforesaid cause and at the time of the colloquy between himself and defendant's counsel was premature, unwise and unjudicial. The oral and oracular statement of the trial court upon that occasion did not, however, amount to either a decision, finding or order, and, as has been well said by this court in the case of *Scholle* v. *Finnell*, 173 Cal. 372, 376 [159 Pac. 1179, 1181]: "No antecedent expression of the judge, whether casual or cast in the form of an opinion, can in any way restrict his absolute power to declare his final conclusion in the only manner authorized by law." It does not necessarily follow either that the trial judge disqualified himself thereby to further proceed with the trial of the action, or that in further proceeding therein to the extent of making and entering the formal order for the appointment of the referee therein, and for the continuance of the hearing until such time as the referee might take testimony and report her conclusions upon such matters as were committed to her by the terms of such reference, and in further ordering that upon the presentation of the report of the referee the trial of the action should proceed, during the course of which "the parties to said action may introduce such evidence as they may have regarding the existence of a partnership between plaintiff and defendant and regarding any other issues presented by the pleadings," the trial court so far exceeded its jurisdiction as to subject itself to the process of this writ.

The action being one involving issues as to the existence of a copartnership between the parties thereto and as to the propriety and extent of an accounting, it was such an action as would come within the provisions of sections 638 to 645, inclusive, of the Code of Civil Procedure, which provide for references and trials by a referee. Section 638 thereof provides for the order of a reference upon the agree-

ment of the parties filed with the clerk and entered in the minutes. Section 639 thereof provides as follows:

"When the parties do not consent, the court may upon the application of either, or of its own motion, direct a reference in the following cases:

"1. When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein;

"2. When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect;

"3. When a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action;

"4. When it is necessary for the information of the court in a special proceeding."

It will be noted that the section of the code quoted places no restrictions upon the trial court as to the time during the pendency of said action when it first acquires jurisdiction to appoint a referee therein. The implication of the section is to the contrary, since subdivision 1 thereof provides that: "When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein." In the case of *Fredendall* v. *Shrader*, 45 Cal. App. 719 [188 Pac. 580, 582], it was held that the phrase in the foregoing section of the code "the whole issue" which by its terms the referee may be directed to hear and decide refers to "the account and does not include other issues in the case or issues having no direct or immediate connection with the account." But said case also goes on to decide that as to "the point urged by the appellant that the court was without jurisdiction to order a reference because it had not previously to the making of such order found that the interveners were entitled to an accounting and entered an interlocutory decree adjudging that fact, the answer thereto is that the statute provides for no such preliminary formality. Moreover, the procedure adopted in this case with respect to the order of reference appears to be in accord with the customary practice which has in that particu-

lar prevailed in California for many years and has received the approval of the Supreme Court," citing *Gunter* v. *Sanchez,* 1 Cal. 45, 48; *Smith* v. *Rowe,* 4 Cal. 6; *Williams* v. *Benton,* 24 Cal. 424; *Jones* v. *Gardener,* 57 Cal. 641. In the case last above cited, the court said that, with special reference to the section of the code here under consideration, "the language of this first subdivision of section 639 of the Code of Civil Procedure indicates that the power of the court to refer depends upon the *pleadings* on the one side or the other. A reference is made 'when the trial of an issue of fact' requires the examination of a long account. A reference for such purpose may, under our state constitution, be made in any equity suit when either party alleges facts showing an accounting to be necessary." In the case of *Fox* v. *Hall,* 164 Cal. 287, 291 [128 Pac. 749, 751], it was stated that: "The accounting might have been ordered through a reference, or the court might, with or without a preliminary interlocutory order, have proceeded to take and state the account itself (*Emery* v. *Mason,* 75 Cal. 222 [16 Pac. 894]), rendering such final judgment thereon as might appear to be proper." ▮ The language of this court in the case last above cited would seem to indicate that the conclusion to be arrived at in our solution of the problem before us is that as to the stage in an equity proceeding before the court when it may proceed of itself and in the course of the trial to take testimony in the process of an accounting, or may order a reference for the purpose of taking such testimony, is, after all, not a matter of jurisdiction, but rather of the order of proof in the particular case. In the present action had the trial court itself proceeded to take such testimony as the plaintiff had proffered, or had required the defendant to produce relative to the accounting, it would seem that the only objection which the defendant might have urged to the taking of such testimony would be that the proper foundation therefor had not been laid by the showing that a partnership relation existed between the parties to the action; and that the trial court in ruling upon such objection held, as it seems to have done, that the document above referred to was sufficient *prima facie* to show the existence of such partnership, the only remedy of the defendant, assuming such ruling to have been erroneous, would have been

by way of appeal. The same principle would seem to apply to the proceedings before the referee, wherein, if the defendant were to be required to produce certain books or other documents, or to testify as to their contents before the referee, he might refuse so to do upon the ground that no sufficient foundation had been laid for such an inquiry into his private affairs; and upon the matter being, by virtue thereof, referred back to the court for its decision, the court would have the same question before it as that which, as above shown, would have arisen upon the hearing as to an accounting immediately before the court; and in that instance also the ruling of the trial court, if erroneous, would be remediable by appeal or by some other appropriate proceeding, but would not be the subject of assault upon the ground that the court had no jurisdiction to make the ruling complained of in either case. A reference to an equitable action resembles in some of its aspects the procedure and practice for the taking of a deposition before notaries or commissioners, who possess no judicial powers, and whose action determines finally no question of law or fact in the case. All questions touching the powers and the exercise thereof on the part of these lay ministers of justice are for the determination of the trial court in the course of the proceeding before it, and are matters which, if erroneous, are the subject of correction by appeal or other appropriate method, but are not the subject of attack for want of jurisdiction in the court even to err. We are of the opinion, therefore, that the application of the petitioner herein for a writ of prohibition is, to say the least, premature, and that whatever error the trial court may have been minded to commit or to persist in during the trial before it, is a matter which may not be the subject of determination by means of the particular writ herein sought.

It is therefore ordered that the petition herein be and the same is hereby denied.

Preston, J., Shenk, J., Seawell, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.