[Civ. No. 7488. Second Appellate District, Division Two.—September 25, 1930.]

INEZ A. MERRILL et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Clyde C. Shoemaker for Petitioners.

C. C. Montgomery, Patterson, Bailey & Montgomery and Norcop & Cushing for Respondents.

SCHMIDT, J., *pro tem.*—By the third amended complaint filed in the respondent court by more than a dozen corporations and copartnerships joined as plaintiffs against the petitioners, Inez A. Merrill and Thomas E. Merrill, wife and husband, it was alleged that petitioner Inez A. Merrill was employed jointly by the plaintiffs "as their confidential agent and fiduciary to take full charge and control of offices which they were then and there occupying in common, and of their books of account and funds, to keep said books as separate books of account and to keep said funds in the

separate bank accounts of the various parties so employing her''; it being her duties ''to receive and collect the sums of money due or payable to each of the plaintiffs; to indorse for deposit any checks received by any of the plaintiffs and to deposit same in the account of the designated bank for credit to the proper plaintiff employer and to enter same in the separate books of account and to faithfully and fully account for all such funds to each of said separate plaintiffs''.

It was also alleged that during her fiduciary employment as manager, agent and in a fiduciary capacity she, without the knowledge or consent of any of said employers, committed wrongful acts and malfeasances in her acts of employment in relation to moneys collected by her; in the distribution thereof; in the deposits, checks, bank accounts and in her duties to her said joint employers as particularly set forth in the complaint.

It was further alleged that said petitioner Inez A. Merrill and her husband, Thomas E. Merrill ''intentionally, knowingly, wilfully and wrongfully have used and have intentionally, knowingly, wilfully and wrongfully converted to their own use, large sums of money belonging to'' the said joint employers of Mrs. Merrill, and with the said moneys petitioners purchased various parcels of real estate the description of nineteen of which is set forth in the complaint, and that the title to same was taken in the name of petitioner Thomas E. Merrill. The complaint prays for an accounting and the proper distribution of the funds to be accounted for to the respective plaintiffs.

To this complaint answer was filed denying generally and specifically most of the allegations of the complaint and setting up several special defenses.

Subsequent to the filing of an answer plaintiffs in said action filed in the respondent court their notice of motion for order of reference, and pursuant to said motion for order of reference respondent court made its minute order as follows:

''Motion to refer cause to referee etc. comes on for hearing . . . said motion is granted; exception noted.'' Whereupon petitioners, defendants in the action in the lower court, filed a petition for a writ to prohibit the lower court from

making and entering an order of reference in accordance with said minute order.

The question involved herein has been recently decided by the Supreme Court in *Putnam* v. *Superior Court*, 209 Cal. 223 [286 Pac. 425], in which it was held that a writ of prohibition would not lie under the circumstances even though ''it would seem to be too plain for further discussion that the attitude, action and conclusion of the trial court . . . was premature, unwise and unjudicial''.

Undoubtedly the better practice is for the lower court to try the issues to determine whether an accounting should be had before appointing a referee to take an accounting, and even at this date this procedure might be followed by setting aside and vacating the former order, and then proceed to try the issues presented by the pleadings in order to determine first whether an accounting will be required.

Writ denied.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal October 24, 1930.