[Civ. No. 2748.   Fourth Dist.   July 16, 1941.]

ANNA BAUMANN, Respondent, v. H. O. HARRISON et al., Defendants; WILL H. PERRY, Appellant.

C. E. Spencer, John Kerns Bennett and Morse Craig for Appellant.

Thomas F. McCue for Respondent.

KELLY, J., *pro tem.*—This is an appeal by Will H. Perry, one of the judgment debtors, from that judgment from which W. G. Lane and Lane Mortgage Company, a corporation, appealed separately in case Civil Number 2747, this day decided [*ante,* p. 73.] Judgment was rendered against Perry for the sum of $7,670.47, $4,000 of which was stayed until the ownership of certain personal property was determined in the suit now pending in the lower court, as indicated in the Lane appeal. It is also an attempted appeal from an order denying a new trial. We are, however, supplied with a full and complete reporter's transcript in this appeal. The facts and history of the case are stated in the Lane appeal and the same are hereby referred to as the facts and history in this appeal, except in so far as the appellant Perry raises points not presented by the Lane appeal. The appellant Perry separating himself from the other judgment debtors, presents issues not heretofore considered and in the determination of the same we will from time to time refer to other facts in the evidence necessary for the determination of the issues now presented.

(1) The appellant first contends that the lower court erred in denying a motion for a new trial and supports his contentions exhaustively. An order denying a motion for new trial is not appealable. (Code Civ. Proc., sec. 963.) All questions there raised may be reviewed on appeal from the judgment. We have considered all material questions raised under this heading.

(2) Appellant contends that the pleadings do not support the judgment. As pointed out in the Lane appeal, this suit was originally instituted to foreclose a trust deed by judicial action. Later the power of sale contained in the trust deed was exercised by the substituted trustee, Allen. Plaintiff then amended her complaint praying judgment for the deficiency existing after the sale of the *corpus* of the trust. It is contended by the appellant that the two remedies, that

of judicial foreclosure and exercise of the power of sale, are not available. There is no merit in this contention. In the case of *Commercial Centre Realty Co.* v. *Superior Court,* 7 Cal. (2d) 121 [59 Pac. (2d) 978, 107 A. L. R. 714], a suit was instituted to foreclose a mortgage and on the same date a notice of election to sell the real property mortgaged in exercise of a power of sale contained in the mortgage was filed. After sale under the power of sale the complaint was amended praying for a deficiency. Petitioner then contended that the trial court was without jurisdiction to proceed further in the matter; that inasmuch as the mortgagee by sale of the property under the power of sale took away from the trial court its power to enter a decree of foreclosure and sale by a commissioner, the cause of action thereby expired and that the mortgagee was therefore without power to resurrect it or give it vitality by amendment, as the mortgagee's right to a deficiency judgment after a sale under a power of sale only accrued after the sale and as no new complaint was filed subsequent to the sale, no cause of action based upon these facts is now before the trial court. Therein the Supreme Court said:

"This reasoning is necessarily based upon the theory that two different and distinct causes of action were stated, one in the original complaint in which a foreclosure of the mortgage was sought, and the other in the amended complaint in which payment of the balance due after the application of the proceeds of the sale to the debt was sought. We are satisfied, however, that under all the tests as to whether or not a new cause of action is set up, the supplemental and amended complaint did not state a new cause of action. The cause of action set out in the original complaint was the debt evidenced by the promissory notes. The cause of action set out in the amended complaint was the same debt, evidenced by the same promissory notes, a portion of which had been paid by the giving of credit by the mortgagee for the amount of the proceeds of the sale. In both instances it was the same debt."

The rule of election of remedies does not apply. The two remedies available to the plaintiff in the instant case are not inconsistent but on the contrary each may be deemed the complement of the other. ■ To constitute a bar the two remedies must be inconsistent on the same state of facts. (*Verder* v. *American Loan Society,* 1 Cal. (2d) 17 [32 Pac. (2d)

1081].) The doctrine of election between inconsistent remedies presupposes a choice of remedies. (*Atchison, T. & S. F. Ry.* v. *Superior Court,* 12 Cal. (2d) 549 [86 Pac. (2d) 85].)

■ The doctrine of election of remedies is regarded as an application of the law of estoppel and is founded upon the theory that a party should not be allowed to occupy inconsistent positions. (*Mailhes* v. *Investors Syndicate,* 220 Cal. 735 [32 Pac. (2d) 610] ; *Mercantile Mortgage Co.* v. *Chin Ah Len,* 3 Cal. App. (2d) 504 [39 Pac. (2d) 817].) A change in remedies does not bring about an election of remedies unless the change involves a prejudice to the opposing party. (*Commercial Centre Realty Co.* v. *Superior Court, supra.*)

As the doctrine of election of remedies is based upon the doctrine of estoppel, in order to sustain a theory of irrevocable election it must be shown that the two remedies are inconsistent and repugnant and that by the exercise of both the defendant would suffer unconscionable, unfair and unjust detriment.

■ In the instant case had the plaintiff first exercised the power of sale, and had a deficiency existed, and had she then sued upon her notes for recovery of a judgment for the deficiency, it is plain she would be pursuing two valid remedies, the exercise of both being necessary to the attainment of a complete remedy for the money due her. That she should choose to exercise these remedies concurrently and not *seriatim* cannot impair her position. If the remedies were inconsistent and repugnant under the doctrine of estoppel the exercise of one would forever bar the exercise of the other. If both may be pursued, as we have seen, it follows that they are neither inconsistent nor repugnant. While in *Commercial Centre Realty Co.* v. *Superior Court, supra,* both remedies were simultaneously pursued and in the instant case the power of sale was exercised after the institution of the suit and thereafter the foreclosure suit pursued by amended complaint, the rule we have stated is not thereby modified. If pursuit of both remedies were inconsistent, repugnant and inequitable that would be true regardless of the time at which both procedures were instituted.

■ (3) The appellant next contends that the trial court at no time had jurisdiction for want of necessary parties. By reference to the stated facts in the Lane appeal it will be seen that a series of 225 notes were made and issued by the Harrisons to secure which the trust deed herein was exe-

cuted, and that Lane and Lane Mortgage Company, his *alter ego,* assigned these notes but retained possession thereof. The plaintiff in the instant action sues for herself and on behalf of all bondholders having a beneficial interest who join with her herein. She recites in her complaint that about seventy-five persons are assignees of these notes and that she demanded from the defendant Lane Mortgage Company that it disclose to her the names and addresses of all parties and beneficiaries interested in said notes or bonds together with the amount held by each or to which each is beneficially entitled and that the defendant declined to supply the demanded information. This allegation is admitted by this defendant by failure to deny. The court found these allegations to be true. It would be a most amazing solution if the appellant here could sustain his contention that because certain bondholders are not named in the complaint the plaintiff's attempted statement of a cause of action is fatally defective. The appellant is the nominee of Lane and Lane Mortgage Company and is scarcely in a position to take advantage of the unfairness of those whose nominee he is and attempt to prejudice the plaintiff for not reciting in her complaint that which she had no means of knowing because of the inequitable concealment of relevant facts by Lane and his *alter ego.* Equity can tolerate no such injustice. It will further be noted that section 382 of the Code of Civil Procedure provides an exception designed to protect a plaintiff in such a position as that which the respondent now occupies. " . . . but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." (Code Civ. Proc., sec. 382.) (See, also, *Farmers & Merchants Natl. Bank* v. *Peterson,* 5 Cal. (2d) 601 [55 Pac. (2d) 867]; *Moore* v. *Bowes,* 8 Cal. (2d) 162 [64 Pac. (2d) 423].)

▇ (4) Appellant next contends that the judgment for money against appellant cannot be sustained under either the law or the evidence. As we have seen in the Lane appeal, after some twenty-seven days of trial the case was submitted. The trial court then having reached a conclusion that this

appellant had appropriated funds to his own use which should have been paid to the bondholders, ordered an accounting of rents and appointed a referee. The referee having reported in the presence of all parties the court proceeded to take an accounting itself. The appellant strenuously and voluminously objects to this procedure. It should be borne in mind that the right to a fair trial is not the exclusive prerogative of the appellant. The court, after submission of the case, having reached a conclusion or suspicion of misappropriation of funds by the defendants could and should, in the exercise of its jurisdiction in equity proceed to the taking of further testimony pertaining to that issue. This right and duty of the trial court and this right to a fair trial on behalf of the plaintiff cannot be frittered away by a strained attempt to apply technical rules of procedure.

"Reference Ordered on Motion, in What Cases. [Except in Justices' Courts.] When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases:

"1. When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein;

"2. When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect;

"3. When a question of fact, other than upon the pleadings, arises upon a motion or otherwise, in any stage of the action;

"4. When it is necessary for the information of the court in a special proceeding." (Sec. 639, Code Civ. Proc.)

While it is true that a referee was appointed by the court after submission of the cause, it is also true that after the referee reported the trial court proceeded to take an accounting itself. We see no error in this procedure. The court could have appointed a referee without a preliminary order. "The plaintiffs were entitled to an accounting, and if the case had been submitted without further evidence, an interlocutory judgment directing such accounting would have been proper. (Citing cases.) The accounting might have been ordered through a reference, or the court might, with or without a preliminary interlocutory order, have proceeded to take and state the account itself (*Emery* v. *Mason,* 75 Cal. 222,

[16 Pac. 894]), rendering such final judgment thereon as might appear to be proper.'' (*Fox* v. *Hall*, 164 Cal. 287 [128 Pac. 749].)

''If, in other words, when the court itself proceeds to take the account, that act, under the decision in the case above named and quoted from, is itself deemed tantamount to or practically sufficient as an adjudication that the plaintiff is entitled to an accounting, then, *a fortiori*, an order of reference, made after some testimony addressed to the issues has been taken, as the record shows was the case here, either by the court *sua sponte* or upon motion of the plaintiff should be deemed such an adjudication or one to all intents and purposes.'' (*Fredenhall* v. *Shrader*, 45 Cal. App. 719 [188 Pac. 580].)

Neither is notice before appointment of a referee necessary. ''The statute provides for no formal notice of a hearing before a referee. Formal notice is therefore not jurisdictional.'' (*Spadoni* v. *Maggenti*, 121 Cal. App. 147 [8 Pac. (2d) 874].)

''Undoubtedly the better practice is for the lower court to try the issues to determine whether an accounting should be had before appointing a referee to take an accounting, and even at this date this procedure might be followed by setting aside and vacating the former order, and then proceed to try the issues presented by the pleadings in order to determine first whether an accounting will be required.'' (*Merrill* v. *Superior Court*, 108 Cal. App. 501 [291 Pac. 609].)

''The language of this court in the case last above cited would seem to indicate that the conclusion to be arrived at in our solution of the problem before us is that as to the stage in an equity proceeding before the court when it may proceed of itself and in the course of the trial to take testimony in the process of an accounting, or may order a reference for the purpose of taking such testimony, is, after all, not a matter of jurisdiction, but rather of the order of proof in the particular case.'' (*Putnam* v. *Superior Court*, 209 Cal. 223 [286 Pac. 425].)

(5) The appellant next argues that ''the judgment is against the finding that appellant was not a principal in the transaction of January, 1933.'' The transaction referred to is the deed of January 6, 1933, by which the appellant took title as the nominee of Lane but did not assume or agree to pay the indebtedness secured by the deed of trust or any part

thereof. The trial court found that the appellant took title in trust for the plaintiff and other note holders and that Perry, Lane and Lane's company had at all times been in control and possession of the premises and that they and each of them have been receiving all rentals from the real property. The court below also found that by the deed of January 6, 1933, the trust did not merge with the title but on the contrary the deed of trust remained in full force and effect. There is evidence in the record that when Perry received the deed of January, 1933, he knew of the existence of the bonded indebtedness and the amount thereof and that the loan was in default and that the property was not worth the amount due the bondholders. He agreed to hold title for the bondholders and was told by Lane that all income had to be accounted for to the bondholders, to which he agreed. Having assumed this obligation the appellant became a trustee for the plaintiff and the other holders by assignment of the several notes. (Civil Code, sec. 2219.) By assumption of the obligation as a trustee he was bound to maintain toward the bondholders the highest good faith and not to use the profit for his own benefit. (Civil Code, secs. 2228, 2229.) He was bound not to assume any adverse interest without immediately disclosing it. (Civil Code, sec. 2233.) Any violation of these obligations constituted fraud. (Civil Code, sec. 2234.) It would seem that the appellant and Lane were co-trustees, in which event he would still be liable for all money misappropriated to his own use. As the judgment against him, of which appellant complains, is for money received as income from the property, less credits, he cannot escape.

(6) Appellant then complains that the accounting was incomplete. The record discloses that the accounting was taken by the court itself. This, as we have seen, was properly the prescribed order of proof. The appellant was represented by counsel who cross-examined witnesses but offered no evidence nor did he dispute any record. The accounting was sufficiently complete to sustain the judgment. We are not, on appeal, to weigh the evidence nor to express a preference of conflicting theories in the absence of errors of law.

(7) Appellant next contends that no judgment for rents and profits received by Perry prior to the sale can be sustained. It will be remembered, however, that by the deed of January 6, 1933, the appellant assumed obligations on be-

half of the bondholders and as their trustee distinct from the rights and obligations created by the deed of trust. In this respect he differed from a mortgagor in possession and was, as we have seen, liable for all profits.

■ (8) Appellant then contends that the appointment of a substitute trustee followed by a sale of the *corpus* of the trust was void. As stated in the Lane appeal, the bank as nominated trustee in the deed of trust, at no time assumed the obligations of the trust but on the contrary when this action was instituted filed its answer declining to act as such. Thereupon Allen was appointed as substitute trustee and he immediately assumed his obligation and proceeded to act. Section 2289 of the Civil Code reads: "Superior Court to Appoint Trustee When. When a trust exists without any appointed trustee, or where all the trustees renounce, die, or are discharged, the superior court of the county where the trust property, or some portion thereof, is situated, must appoint another trustee, and direct the execution of the original trust. The court may, in its discretion, appoint the original number, or any less number of trustees."  ·

In *Sacramento Bank* v. *Murphy*, 158 Cal. 390, 394 [115 Pac. 232], the Supreme Court said: "It was not necessary to bring an action for the purpose of having trustees appointed or their appointment confirmed, and then a separate action to have it decreed that they were invested with all the title and powers of the original trustees to whom they were successors, and to be afforded the other relief prayed for in the complaint. All these matters, which were of equitable cognizance, could be determined in one action, and it was proper to embrace them all in the action brought and to apply for full equitable relief, as was done."

Allen having been appointed trustee by the court was immediately invested with power to do all things necessary to protect the *corpus* of the trust, conserve the security and exercise all powers in him created either by the trust deed or by the law. The sale by the trustee was valid.

■ (9) Appellant contends that the substituted trustee had no power to sell at the time of the purported sale because the real estate held in trust had, previous to the sale, been sold for accrued taxes. The appellant must stand or fall upon the merits of his controversy with the plaintiff. We are not called upon by this appeal to decide such questions as the

validity of the sale or the right of redemption. With the problems which may be involved in the tax sale the appellant has nothing to do. Sufficient for his day are the evils thereof.

■ (10) Appellant complains that it was error to allow the plaintiff to file a supplemental complaint. This is not so. The plaintiff having filed her complaint to foreclose the trust deed and the *corpus* of the trust thereafter having been sold under the power of sale and the price having been credited on the secured debt, the plaintiff very properly filed a supplemental pleading alleging the sale and praying judgment for the deficiency. As we have seen, the two remedies of judicial foreclosure and exercise of the power are concurrent. (*Commercial Centre Realty Co.* v. *Superior Court, supra.*)

■ (11) Appellant contends that the evidence does not support the finding that the Cabrillo Holding Corporation conveyed to Perry, Lane and Lane Mortgage Company. It is true that Perry alone was named as grantee in that deed. It is also true, however, that Perry was the nominee of Lane and the Lane Company and that the deed was delivered into the physical possession of the Lane Company and remained in its files until produced in court at the trial. The inference drawn by the trial court is sustained.

Many other criticisms of the court's findings are presented, too numerous and too trivial to warrant particular statement and analysis. ■ Generally speaking, these criticisms overlook the rule that the trial court may rest its decision upon reasonable inferences as well as upon direct evidence. We find no merit in the appeal.

The judgment is affirmed. The attempted appeal from the order denying a new trial is dismissed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied August 13, 1941, and appellant's petition for a hearing by the Supreme Court was denied September 11, 1941.