[Civ. No. 4029. Fourth Dist. May 1, 1950.]

LAWRENCE KENNEDY, as Trustee in Bankruptcy, etc., Respondent, v. AMERICAN FIDELITY AND CASUALTY COMPANY, INC. (a Corporation), Appellant.

Reginald I. Bauder, W. I. Gilbert, Jr., Everett W. Thompson and Henry F. Walker for Appellant.

Bert M. Green for Respondent.

BARNARD, P. J.—This case was tried with the case of *Giordano* v. *American Fidelity & Casualty Company, Inc.,* (*ante*, p. 309 [217 P.2d 444]), and involves the same general

factual situation. The appellant having refused to defend A. M. Hendrix in the action brought against her, she employed and paid other counsel for that purpose. In this action, the trustee of her bankruptcy estate recovered a judgment for $1,150, the amount thus paid. This appeal followed.

The appellant first contends that it was under no duty to defend A. M. Hendrix in the damage action since she violated a condition of the policy requiring her to give "immediate written notice" to the insurer upon the occurrence of an accident covered by the policy. The court found that A. M. Hendrix did not give notice as thus provided in the policy but that "defendants had actual notice of said accident on the 4th day of October, 1945, and that neither of defendants suffered prejudice by reason of such failure to give such notice." Not only is this finding supported by the evidence but A. M. Hendrix sent the summons and complaint to the appellant immediately after they were served on her, and the appellant denied liability on the ground that its policy did not cover the truck involved in the accident. The appellant in thus renouncing the policy, as far as this accident is concerned, waived any claim that the notice provisions of the policy had not been complied with. (*Mercer Casualty Co. v. Lewis,* 41 Cal.App.2d 918 [108 P.2d 65].)

Appellant's main contention is that there was nothing in the policy or in the endorsement known as "Form T & S 391," which required it to defend an action arising out of an accident involving equipment not described in its policy. It is argued that its only obligation under "Form T & S 391" was to pay any final judgment against the insured, and that there is nothing in that endorsement requiring the appellant to provide a defense for an action the coverage for which could arise only by virtue of that endorsement. "Form T & S 391" was added to the policy as an endorsement and became a part of the policy. While the original policy covered only three designated vehicles, this endorsement extended that coverage to any vehicle used or operated in the business for which a permit was given "although such vehicle may not be specifically described in the policy." The policy which thus covered the truck in question provided that the insurer agreed to defend on behalf of the assured "any suit brought against the Assured to enforce a claim whether groundless or not," arising from any accident covered by the policy. The duty of the appellant to defend A. M. Hendrix in the damage action clearly appears.

It is further contended that under another clause of this endorsement the insured agreed to reimburse the appellant for any payment it made because of that endorsement, but which it would otherwise not be obliged to make; that if the appellant had defended the damage action it would have been entitled to recover the cost thereof from the assured; that respondent, as trustee for the assured, would then be liable for the same amount represented by the judgment here appealed from; and that "such circuity of action" should not be permitted. This argument is more ingenious than convincing. The appellant did not pay out anything in defending the damage action or in compliance with the provisions of its policy. It repudiated the policy entirely insofar as the accident in question is concerned. The judgment here is based upon the appellant's violation of its agreement. Having repudiated that agreement in its entirety, the appellant is in no position to rely upon one clause thereof for the very purpose of continuing its denial of all liability under the policy.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied May 26, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 29, 1950. Edmonds, J., and Spence, J., voted for a hearing.