**CLARENDON NATIONAL INSURANCE COMPANY, Plaintiff–counter–defendant–Appellee,**

v.

**H & G TRANSPORT, INC.; et al., Defendants,**

and

**Insurance Company of the West, Defendant–counter–claimant–Appellant.**

**No. 06–17096.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed Aug. 11, 2008.

Andrew Karonis, Ira S. Lipsius, Schindel, Farman & Lipsius LLP, New York, NY, James H. Wilkins, Wilkins, Drolshagen & Czeshinski, Fresno, CA, for Plaintiff–counter–defendant–Appellee.

James P. Wagoner, McCormick Barstow Sheppard Wayte & Carruth, LLP, Fresno, CA, for Defendant–counter–claimant–Appellant.

Before: KOZINSKI, Chief Judge, FARRIS, Circuit Judge, and PANNER,* District Judge.

## MEMORANDUM **

### I

The Insurance Company of the West argues that it was not obligated to insure G & P because G & P failed to list Inderjit Singh as a driver on its insurance application. The district court rejected this defense, finding that G & P "did not misrepresent or conceal the status of Singh as a driver on the application."

The district court did not commit clear error in concluding that Singh was not employed by G & P at the time it submitted its insurance application to ICW. Further, the district court reasonably found that ICW did not demonstrate by a preponderance that G & P's principals knew or understood that they had been asked to disclose all drivers, including Singh. *See Thompson v. Occidental Life Ins. Co.,* 9 Cal.3d 904, 109 Cal.Rptr. 473, 513 P.2d 353, 360 (1973).

### II

ICW argues that the district court erred by applying California insurance law, under which the ICW policy was conclusively presumed to be primary. *See* Cal. Ins. Code § 11580.9(d). We reject the argument. The district court properly applied California law. *See N. Ins. Co. of N.Y. v. Allied Mut. Ins. Co.,* 955 F.2d 1353, 1359–60 (9th Cir.1992); *Blue Bird Body Co. v. Ryder Truck Rental,* 583 F.2d 717, 723 (5th Cir.1978); *Cal. Cas. Indem. Exch. v. Pettis,* 193 Cal.App.3d 1597, 239 Cal.Rptr. 205, 214 (Ct.App.1987).

### III

ICW argues that the MCS–90 endorsement in the Clarendon policy makes the Clarendon policy primary as against the ICW policy. We reject the argument. The "primary purpose" of the MCS–90 endorsement "is to assure that injured members of the public are able to obtain judgment from negligent authorized interstate carriers." *John Deere Ins. Co. v. Nueva,* 229 F.3d 853, 857–58 (9th Cir.2000) (citing *Harco Nat'l Ins. Co. v. Bobac*

---

* The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Trucking Inc.,* 107 F.3d 733, 736 (9th Cir. 1997)).

**AFFIRMED.**