NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAHOO! INC.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant-Appellee. | No. 19-16475<br><br>D.C. No. 5:17-cv-00489-EJD<br><br>MEMORANDUM* |
| YAHOO! INC.,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendant-Appellant. | No. 19-17462<br><br>D.C. No. 5:17-cv-00489-EJD |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted May 10, 2021

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: R. NELSON and BADE, Circuit Judges, and HELLERSTEIN,[**] District Judge.

Yahoo! Inc. and National Union Fire Insurance Company cross-appeal from the district court's final judgment following a jury trial in Yahoo's lawsuit alleging that National Union breached a liability insurance contract and breached the implied covenant of good faith and fair dealing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Yahoo argues that the district court erred in its order granting partial summary judgment on Yahoo's claim for breach of the duty to defend and indemnify when it concluded that, under the 2011 insurance contract, Yahoo was entitled only to thirty days' interest on its defense and settlement costs. We disagree. "Except as expressly provided by statute, no person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides." Cal. Civ. Code § 3358; *see also Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 102 P.3d 257, 261 (Cal. 2004) ("Damages awarded to an injured party for breach of contract seek to approximate the agreed-upon performance." (internal quotation marks and citation

---

[**] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

omitted)).  Here, had both parties fully performed their contractual obligations, National Union would have initially paid all defense and settlement costs, and Yahoo would have reimbursed those costs within thirty days of receiving an invoice.  Thus, "the benefit of [the] bargain," *Foster-Gardner, Inc. v. Nat'l Union Fire Ins.*, 959 P.2d 265, 282 (Cal. 1998), for Yahoo was not the full value of its defense and settlement costs, but rather, the short-term *deferral* of those costs.  The district court's award of thirty days' interest properly corresponds to that benefit, and National Union "should be held liable for no more."  *Id.*

Yahoo argues that National Union's payment of defense costs was a condition precedent to Yahoo's reimbursement obligation.  But the issue here is whether the district court properly took the Deductible Coverage Endorsement's reimbursement provision into account in determining the appropriate damages for National Union's breach.  Yahoo argues that under *Kennedy v. American Fidelity & Casualty Co.*, 217 P.2d 457, 458 (Cal. Ct. App. 1950), an insurer who breaches the duty to defend may "not rely on the reimbursement provision in [an] endorsement."  However, the court in *Kennedy* merely rejected an insurer's attempt to avoid *all* liability for breach of the duty to defend based on the argument that if it "had defend[ed] the damage action it would have been entitled to recover the cost thereof from the [insured]."  *Id.*

Yahoo asserts it lost "peace of mind" because of National Union's failure to

3

defend in the underlying action, but it does not ascribe a monetary value to this benefit. And although Yahoo argues it might have had a "better chance of vindication" if National Union had complied with its duty to defend, it likewise does not point to any specific amount that could have been "vindicated" if National Union had not breached. Thus, it has not shown it is entitled to special damages. *See Lewis Jorge*, 102 P.3d at 261–62.

Yahoo suggests that the district court's approach leads to "absurd and unfair result[s]" by allowing an insurer to "breach its duty to defend without consequence." To be sure, Yahoo is entitled to lower damages under the policy at issue here than it might have been under a conventional liability insurance policy. And we recognize that under this approach, contract damages alone might be insufficient to deter insurers from breaching in some cases. However, California law achieves this deterrence not through contract damages, but rather through the specter of tort liability for bad faith, including the possibility of *Brandt* fees and punitive damages. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 459–60 (Cal. 1994) ("Contract and tort are different branches of law. Contract law exists to enforce legally binding agreements between parties; tort law is designed to vindicate social policy.").[1]

---

[1] Because Yahoo is not entitled to the full value of the defense and settlement costs, we similarly reject its argument that the district court should have awarded prejudgment interest on that sum.

2. National Union argues that the district court erred in awarding Yahoo attorney's fees under *Brandt v. Superior Court*, 693 P.2d 796 (Cal. 1985), because Yahoo failed to adequately distinguish between recoverable and non-recoverable fees. *Brandt* entitles a plaintiff only to fees "attributable to . . . efforts to obtain the rejected payment due on the insurance contract," and not "[f]ees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy," such as fees attributable to a bad faith claim. *Id.* at 800.

National Union's arguments for overturning the jury's *Brandt* fee award are unavailing. Unlike instances where a plaintiff makes "no effort to segregate its litigation expenses as required by *Brandt*," *Slottow v. Am. Cas. Co. of Reading, Penn.*, 10 F.3d 1355, 1362 (9th Cir. 1993), Yahoo presented detailed billing records and made its associate general counsel, Daniel Tepstein, available to testify on the nature of the legal work those records referenced. While Yahoo's request for virtually all of its fees through the summary judgment stage may have been ambitious, Yahoo fulfilled its obligation to "demonstrate[] how the fees . . . should be apportioned." *Cassim v. Allstate Ins.*, 94 P.3d 513, 533 (Cal. 2004). We will not disturb the jury's fee award based on arguments National Union raises for the first time on appeal regarding the content of Yahoo's billing records. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 511 n.16 (9th Cir. 2000).

3.      National Union argues that the district court abused its discretion by allowing Yahoo to proceed with its *Brandt* claim and denying National Union's untimely request to offer expert testimony after Yahoo failed to timely produce its billing records, and that Yahoo's untimely production prevented National Union from adequately preparing for trial on the *Brandt* issue.  We disagree.  National Union has not identified what information the billing records could have contained that would have affected its strategic choice whether to retain an expert for trial and has not shown any other prejudice it suffered from Yahoo's untimely disclosure.  National Union asserts that it was prejudiced by Yahoo's use of Tepstein as its sole witness on *Brandt* fees, rather than "coverage counsel who prepared the invoices."  If National Union believed Tepstein's testimony was inadequate to support Yahoo's *Brandt* fee request, it could have cross-examined Tepstein at trial and made that argument to the jury.  However, it did not, and we will not disturb the jury's verdict based on National Union's assertions that Yahoo prejudiced its trial preparations by failing to produce a stronger witness.

4.      National Union argues that the district court erroneously instructed the jury on how to evaluate Yahoo's claim for *Brandt* fees when it omitted *Brandt*'s cautionary language that the award "must not include attorney's fees incurred to recover any other portion of the verdict" besides recovery of policy benefits, *Brandt*, 693 P.2d at 800–01.  We disagree.  While the instruction did not explicitly

6

reiterate this limitation on *Brandt* fees, it accurately stated California law on what fees were recoverable: namely, "[t]he cost of reasonable attorney fees incurred to obtain policy benefits." Moreover, given the potential for confusion in light of the instructions' references to "attorney fees" other than *Brandt* fees, the district court did not abuse its discretion in refusing National Union's proposed phrasing, which stated that Yahoo "may recover attorney fees it incurred to obtain policy benefits but not attorney fees it incurred for other purposes."

**AFFIRMED.**